[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Nusbaum,* Slip Opinion No. 2018-Ohio-4489.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4489

THE STATE EX REL. WHITE, APPELLANT, *v.* NUSBAUM, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Nusbaum,* Slip Opinion No. 2018-Ohio-4489.]

*Mandamus and prohibition—Appellant not entitled to extraordinary relief in mandamus or prohibition to correct or vacate dismissal of an earlier petition for habeas corpus because common pleas judge properly dismissed that earlier petition on grounds of res judicata—Court of appeals' dismissal affirmed.*

(No. 2018-0477—Submitted June 12, 2018—Decided November 7, 2018.)

APPEAL from the Court of Appeals for Ross County, No. 18CA3626.

_____

**Per Curiam.**

{¶ 1} Appellant, Marcus D. White, appeals the dismissal of his complaint for writs of mandamus and prohibition against appellee, Ross County Common Pleas Court Judge Scott Nusbaum. We affirm.

## Background

{¶ 2} In May 2005, a Franklin County jury convicted White of murder and felonious assault, with firearm specifications. *State v. White*, 10th Dist. Franklin No. 05AP-1178, 2006-Ohio-4226, ¶ 5. The court of appeals affirmed his convictions but reversed his sentences and remanded the matter for a new sentencing hearing. *Id*. at ¶ 35. On remand, the trial court judge sentenced White to serve an aggregate prison sentence of 25 years to life. *State v. White*, Franklin C.P. No. 03CR-7014 (Oct. 24, 2006). The court of appeals affirmed the new sentence on February 21, 2008. *State v. White*, 10th Dist. Franklin No. 07AP-743, 2008-Ohio-701, ¶ 2. White is currently a prisoner in the Warren Correctional Institution.

{¶ 3} On January 2, 2014, White filed a petition for a writ of habeas corpus in the Ross County Court of Common Pleas. *State ex rel. White v. Robinson*, Ross C.P. No. 14 CI 01 (Apr. 7, 2014). The case was assigned to Judge Nusbaum. Judge Nusbaum was unsure of the legal basis for the habeas corpus claim but ultimately concluded that White was alleging that the trial court had improperly instructed the jury. *Id*. On April 7, 2014, Judge Nusbaum granted the motion of the respondent, Warden Norman Robinson,[1] to dismiss based on res judicata and for failure to state a claim cognizable in habeas.

{¶ 4} Thereafter, on January 22, 2018, White commenced the present action against Judge Nusbaum in the Fourth District Court of Appeals. White alleged that Judge Nusbaum "patently and unambiguously" lacked jurisdiction to hear the habeas complaint that White himself had filed. In his prayer for relief, White asked the court of appeals to "stop [Judge Nusbaum's] future unauthorized exercise of

---

[1] Robinson was then the warden of the Chillicothe Correctional Institution, where White was apparently incarcerated at the time.

jurisdiction and to correct/vacate the results of [his] prior void and jurisdictionally unauthorized actions" in that case.

**{¶ 5}** Judge Nusbaum filed a motion to dismiss. The court of appeals granted the motion on March 8, 2018. White appealed.

### Legal analysis

**{¶ 6}** Under the Ohio Constitution, the Supreme Court and the courts of appeals have original jurisdiction in habeas corpus. Ohio Constitution, Article IV, Sections 2(B)(1)(c) and 3(B)(1)(c). In his brief to this court, White argues that the common pleas courts have no such jurisdiction because the Ohio Constitution does not directly confer it.

**{¶ 7}** The Ohio Constitution provides that the courts of common pleas "shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, Article IV, Section 4(B). The General Assembly has expressly conferred habeas jurisdiction on the common pleas courts. R.C. 2725.02.

**{¶ 8}** In his reply brief, White clarifies that he does not deny the jurisdiction of common pleas courts to issue habeas corpus writs in some cases. Instead, his theory is that a common pleas court "may hear the merits of a lower court or a court of the same jurisdictional level, but not a higher court's judgment."

**{¶ 9}** White is correct that a common pleas court hearing a habeas corpus petition cannot sit in review of a higher court's earlier judgment on an issue. However, a habeas petition that fails to raise new issues, and instead raises issues that were or could have been previously adjudicated by a higher (or indeed, any) court, is barred by res judicata, *not* a lack of jurisdiction. *See Haynes v. Voorhies*, 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 6, quoting *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 12 ("insofar as [appellant] raised the issue of the propriety of the lesser included

offense * * * in his previous unsuccessful appeal, res judicata bars him from using habeas corpus 'to gain successive appellate reviews of the same issue.' "); *Lipinski v. Cuyahoga Cty. Common Pleas Court*, 74 Ohio St.3d 19, 21, 655 N.E.2d 1303 (1995) ("*res judicata* is an affirmative defense which does not divest the jurisdiction of the second tribunal to decide the validity of that defense").  That is precisely what occurred here.  When Judge Nusbaum considered White's habeas petition, he concluded that it raised an issue (improper jury instructions) that had already been disposed of on direct appeal by the Tenth District Court of Appeals and therefore dismissed White's petition on the grounds of res judicata.

### Conclusion

{¶ 10} White has not demonstrated that Judge Nusbaum lacked jurisdiction over the habeas petition, and he is therefore not now entitled to relief in mandamus or prohibition to undo Judge Nusbaum's judgment.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, and DEGENARO, JJ., concur.

O'DONNELL, KENNEDY, and DEWINE, JJ., concur in judgment only.

_____

Marcus D. White, pro se.

Matthew S. Schmidt, Ross County Prosecuting Attorney, for appellee.

_____