[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Moore v. Wainwright*, Slip Opinion No. 2020-Ohio-846.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-846

MOORE, APPELLANT, *v*. WAINWRIGHT, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Moore v. Wainwright*, Slip Opinion No. 2020-Ohio-846.]

*Habeas corpus—Res judicata—Habeas corpus may not be used to gain successive review of the same issue—Court of appeals' grant of summary judgment affirmed.*

(No. 2019-1030—Submitted December 10, 2019—Decided March 11, 2020.)

APPEAL from the Court of Appeals for Marion County,

No. 9-19-18.

_____

**Per Curiam.**

{¶ 1} Appellant, Deandre Moore, appeals the judgment of the Third District Court of Appeals dismissing his petition for a writ of habeas corpus.  We affirm.

**Facts and Procedural Background**

{¶ 2} In October 2010, Moore, then a 17-year-old juvenile, was subjected to mandatory bindover to adult court in the Cuyahoga County Court of Common Pleas regarding several charges, including two counts of aggravated murder.

Subsequently, Moore pleaded guilty to murder with a firearm specification and was sentenced to an aggregate prison term of 18 years to life.

{¶ 3} On November 9, 2017, the Eighth District Court of Appeals affirmed the trial court's judgment. The court of appeals rejected Moore's assignments of error, including his argument that he had been entitled to an amenability hearing in the juvenile court before his case could be transferred to the adult court. *State v. Moore*, 8th Dist. Cuyahoga No. 105240, 2017-Ohio-8483, ¶ 11-12.

{¶ 4} On March 27, 2019, Moore filed a petition for a writ of habeas corpus against appellant, Lyneal Wainwright, warden of the Marion Correctional Institution, arguing that he was entitled to immediate release because the juvenile court failed to conduct an amenability hearing and make the findings required by R.C. 2152.12 to transfer his case from the juvenile court to the adult court.

{¶ 5} On April 22, 2019, the warden filed a motion for summary judgment, which Moore opposed. On June 21, 2019, the court of appeals granted the warden's motion for summary judgment and dismissed the habeas petition, determining that Moore had exercised an alternative legal remedy to challenge his bindover proceedings by raising that issue on direct appeal.

## Res judicata

{¶ 6} Moore's petition is barred by the doctrine of res judicata. "[A] habeas petition that * * * raises issues that were or could have been previously adjudicated by a higher (or indeed, any) court is barred by res judicata." *State ex rel. White v. Nusbaum*, 155 Ohio St.3d 38, 2018-Ohio-4489, 118 N.E.3d 38, ¶ 9.

{¶ 7} In his direct appeal, Moore raised the issue that he had been entitled to an amenability hearing in the juvenile court before his case could be transferred to the adult court. 2017-Ohio-8438 at ¶ 8. Moore's petition again challenges the validity of his bindover proceedings. But Moore may not use habeas corpus to gain successive review of the same issue. *Fortson v. Bradshaw*, 109 Ohio St.3d 250,

2006-Ohio-2291, 846 N.E.2d 1258, ¶ 11.  Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Deandre Moore, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____