**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Jones v. Wainwright*, **Slip Opinion No. 2020-Ohio-4870.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4870

JONES, APPELLANT, *v*. WAINWRIGHT, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jones v. Wainwright*, Slip Opinion No. 2020-Ohio-4870.]**

(No. 2020-0452—Submitted August 18, 2020—Decided October 15, 2020.)

APPEAL from the Court of Appeals for Marion County, No. 9-19-81.

_____

**Per Curiam.**

{¶ 1} Appellant, Anthony Jones, a prison inmate, filed a petition for a writ of habeas corpus in the Third District Court of Appeals alleging that he has completed his sentence and is entitled to immediate release. The Third District dismissed the petition. We affirm.

**Background**

{¶ 2} In 1985, after pleading guilty to involuntary manslaughter and aggravated robbery, Jones was sentenced to an aggregate prison term of 12 to 50 years. He was released on parole in 1994, and the Adult Parole Authority granted him permission to move to Maryland. Maryland accepted transfer of Jones's parole

supervision on February 6, 2002. Two days later, the Ohio Department of Rehabilitation and Correction, Division of Parole and Community Services, created a "Close of Interest" report concerning Jones; that same day, Jones's Ohio parole officer authored a document stating that, in view of Maryland's acceptance of supervision, her reporting unit was "closing interest" in his case.

{¶ 3} In January 2018, the Ohio Parole Board found that Jones had violated the conditions of his release and revoked his parole. Later that year, Jones filed a petition for a writ of habeas corpus in the Marion County Court of Common Pleas against appellee, Lyneal Wainwright, warden of the Marion Correctional Institution. The common pleas court dismissed the petition, the Third District affirmed the dismissal, and this court denied discretionary review. *See Jones v. Wainwright*, 157 Ohio St.3d 1440, 2019-Ohio-4211, 132 N.E.3d 701.

{¶ 4} In November 2019, Jones filed a second habeas petition against the warden, this time as an original action in the Third District. He alleged that the Ohio Parole Board lacked authority to revoke his parole because Ohio "closed" its parole supervision in 2002. The warden argued that Jones's claim was barred under the doctrine of res judicata and that the 2002 documents referring to the closure of Ohio's parole supervision did not constitute a final release from parole under R.C. 2967.16(A). Therefore, the warden contended, Jones remains in custody under his original sentence. The Third District agreed with both of the warden's arguments and dismissed the petition. Jones has appealed to this court as of right.

**Analysis**

{¶ 5} The warden raised res judicata as a defense in a motion styled as a "Civ.R. 12(B)(6) Motion to Dismiss and/or Motion for Summary Judgment." In accepting that defense, the Third District did not clearly state whether it was dismissing Jones's petition for failure to state a claim under Civ.R. 12(B)(6) or granting summary judgment under Civ.R. 56. That distinction ordinarily would matter—although res judicata usually is not a proper basis for dismissal under

Civ.R. 12 (under which the court examines only the pleadings), it is more readily applied under Civ.R. 56 (under which the court may consider extrinsic evidence). *See Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 10-12. But the warden's res judicata defense does not depend on documents outside the pleadings. In two affidavits attached to his petition, Jones conceded that he filed a habeas petition in 2018. And he has never disputed that he asserts the same claim here. So in this case, it does not matter whether the Third District dismissed the petition under Civ.R. 12(B)(6) or Civ.R. 56; either way, it was appropriate for the court to consider whether res judicata applies.

{¶ 6} Under the doctrine of res judicata, "a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them." *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7. Res judicata bars a successive habeas petition when the petitioner either raised or could have raised the same issues in his first habeas action. *Id*. at ¶ 7-8. Given that the claim Jones asserts here is identical to the one he asserted earlier, this case presents a straightforward application of res judicata.

{¶ 7} But Jones contends that his first case cannot have preclusive effect for two reasons. First, he says that the common pleas court was not a court of competent jurisdiction, because he did not attach to his first petition documents that were required under R.C. 2725.04 and 2969.25. Jones offers little support for this argument. It is well settled that the requirements of R.C. 2725.04 and 2969.25 are mandatory and that the failure to attach documents required under those statutes mandates dismissal of a habeas petition. *Pence v. Bunting*, 143 Ohio St.3d 532, 2015-Ohio-2026, 40 N.E.3d 1058, ¶ 6 (R.C. 2725.04); *Russell v. Duffey*, 142 Ohio St.3d 320, 2015-Ohio-1358, 29 N.E.3d 978, ¶ 11 (R.C. 2969.25). But not every mandatory requirement is jurisdictional in nature. *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 31. Jones refers to a court of appeals that—

without any analysis—stated that noncompliance with R.C. 2725.04 was a "fail[ure] to properly invoke [its] jurisdiction," *Wilson v. Eberlin*, 7th Dist. Belmont No. 08 BE 9, 2008-Ohio-4320, ¶ 1.  And he cites another decision in which a court of appeals—again without any analysis—dismissed a complaint "for lack of jurisdiction" based on an inmate's a failure to satisfy R.C. 2969.25(C), *State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 15AP-1070, 2017-Ohio-368, ¶ 3, 13.  Those undeveloped statements, however, are not enough to show that the common pleas court lacked jurisdiction to adjudicate Jones's first habeas petition.

{¶ 8} Jones also contends that he could not have raised his claim previously because he now relies on documents that the warden produced after the first case was dismissed.  But whether or not Jones now has additional evidence that he believes supports his claim, the fact remains that he could—and did—assert the same claim in an earlier action.

{¶ 9} We therefore affirm the Third District's determination that Jones's claim is barred by res judicata.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and STEWART, JJ., concur.

DONNELLY, J., dissents and would grant an alternative writ.

_____

Anthony Jones, pro se.

Dave Yost, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

_____