[Cite as *Peterson v. Foley*, 2021-Ohio-2455.]

STATE OF OHIO        )                    IN THE COURT OF APPEALS
                           )ss:              NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

DAMIEN L. PETERSON

      Petitioner

      v.

KEITH FOLEY, WARDEN

      Respondent

C.A. No.      20CA011705

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: July 19, 2021

PER CURIAM.

{¶1} Petitioner, Damien Peterson, has petitioned this Court for a writ of habeas corpus to compel Respondent, Warden Foley, to release him from custody. Warden Foley has moved to dismiss and Mr. Peterson has responded. For the following reasons, this Court grants the motion to dismiss.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we begin with the facts alleged in the petition.

{¶3} According to Mr. Peterson's petition, he was arrested without an active arrest warrant. He was held in jail and requested a preliminary hearing. The complaint alleges that an

attorney entered an appearance and requested a continuance of the preliminary hearing, but he did not retain and the court did not appoint the attorney. After the time for a preliminary hearing had passed, without a preliminary hearing being held, he was indicted by the Cuyahoga County Grand Jury.

{¶4} The complaint alleges that Mr. Peterson was arraigned at common pleas court, waived his right to a jury trial, and was convicted following a bench trial. After he was sentenced, the Cuyahoga County Public Defender's Office filed an appeal to the Eighth District Court of Appeals. That appeal apparently remains pending.

{¶5} State habeas corpus relief is available in specific, extraordinary circumstances. R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action. The petitioner must file a petition that contains specific, required, information. If this Court concludes that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. On the other hand, if the petition fails to state a claim, this Court should dismiss the petition. *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). For this Court to grant the writ, Mr. Peterson must demonstrate that there is an unlawful restraint of his liberty or that the judgment of conviction and sentence is void due to lack of jurisdiction. *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996). Mr. Peterson has alleged that the judgment of conviction is void.

{¶6} As noted above, to dismiss a petition under Civ.R. 12(B)(6), it must appear beyond doubt from the petition, after all factual allegations are presumed true and all reasonable inferences are made in favor of Mr. Peterson, that he can prove no set of facts warranting relief. *State ex rel. Dehler v. Sutula, Judge*, 74 Ohio St.3d 33, 34 (1995). "A writ of habeas corpus is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v.*

*Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996). In the absence of a patent and unambiguous lack of jurisdiction, a trial court with general subject matter jurisdiction can determine its jurisdiction and an adequate remedy at law can be obtained through an appeal of that decision. *State ex rel. M.L. v. O'Malley*, 144 Ohio St.3d 553, 2015-Ohio-4855, ¶ 9.

{¶7}  Mr. Peterson has alleged three claims in his petition: (1) the municipal court lacked subject matter jurisdiction because the complaint was void, (2) the indictment was void because the counts were not included in the complaint filed in the municipal court, and (3) the municipal court case was improperly bound over to the common pleas court. Warden Foley moved to dismiss. He argued that the claims are barred by res judicata, Mr. Peterson has an adequate remedy at law, and the issues Mr. Peterson raised are not cognizable in habeas corpus.

<u>Res Judicata</u>

{¶8}  Warden Foley moved to dismiss pursuant to Civ.R. 12(B) and argued that Mr. Peterson's claims were barred by res judicata. The Ohio Supreme Court has recognized that res judicata usually is not a proper basis for dismissal under Civ.R. 12, under which the court examines only the pleadings. *Jones v. Wainwright*, 162 Ohio St.3d 491, 2020-Ohio-4870, ¶ 5. Instead, res judicata is more appropriately applied when considering a motion for summary judgment Civ.R. 56. *Id.* In *Jones*, the Supreme Court noted that it was appropriate to consider res judicata because the defense did not depend on documents outside the pleadings and because petitioner never disputed that he did not raise the same claim in the successive case. *Id.*

{¶9}  In this case, however, this Court cannot evaluate whether the claims are barred by res judicata without resorting to documents or information outside the pleadings. Accordingly, this Court will not resolve this case on the basis of res judicata.

<u>Habeas Corpus is not available to Mr. Peterson</u>

{¶10} The theme underlying all of Mr. Peterson's claims are that his judgment of conviction is void because the trial court lacked jurisdiction. As to his first claim, he alleges that the defective criminal complaint deprived the trial court of subject matter jurisdiction. Even if we accept all of his allegations as true, those defects would not render the complaint void and deprive the trial court of jurisdiction.

{¶11} The Ohio Supreme Court has considered two similar challenges in *State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, and *State v. Hoffman*, 141 Ohio St.3d 428, 2014-Ohio-4795. In neither case did the Supreme Court conclude that the allegations resulted in a void complaint or deprived the trial court of jurisdiction. Upon review of Mr. Peterson's allegations, and Supreme Court decisions directly on point, we conclude that Mr. Peterson cannot demonstrate that the alleged errors resulted in the complaint being void. Because the complaint was not void, habeas corpus is not available and any errors could be raised on direct appeal.

{¶12} Mr. Peterson's second claim is that because no complaint was ever filed in municipal court regarding nine counts of his indictment, all for conduct that occurred in the city of Cleveland, not the city where he alleged the void complaint discussed above was filed. He alleges that because no complaint was filed, those counts are void.

{¶13} The argument Mr. Peterson makes has been rejected by the Supreme Court:

> {¶ 5} Any defect resulting from the alleged failure to file a criminal complaint is not cognizable in habeas corpus, because [petitioner] was convicted and sentenced upon his guilty plea to an indictment, and the trial court had the requisite jurisdiction to try, convict, and sentence him upon the robbery offense. *Boylen v. Bradshaw*, 108 Ohio St.3d 181, 2006-Ohio-549, 842 N.E.2d 49, ¶ 5.
>
> {¶ 6} Moreover, "'[t]he manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.'" *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167,

2004-Ohio-4754, 814 N.E.2d 866, ¶ 6, quoting *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590.

*Gotel v. Gansheimer*, 116 Ohio St.3d 316, 2007-Ohio-6437, ¶ 5-6. Accordingly, Mr. Peterson has not demonstrated that his judgment of conviction is void. Appeal provides an adequate remedy to raise any alleged error.

{¶14} Finally, Mr. Peterson's third claim is that his case was improperly bound over from municipal court to the Cuyahoga County Grand Jury. As discussed above, this allegation about a flaw in the process does not render the indictment void. *Gotel* at ¶ 6.

### Conclusion

{¶15} Even considering Mr. Peterson's allegations as true, they are insufficient to warrant habeas corpus relief. The motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Peterson. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DAMIEN L. PETERSON, Pro Se, Petitioner.

DAVE YOST, Attorney General, and WILLIAM H. LAMB, Assistant Attorney General, for Respondent.