[Cite as *State ex rel. Parker v. Black*, 2021-Ohio-2739.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL. DONELL PARKER | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, A.J. |
| Petitioner | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 2021 CA 0038 |
| | : | |
| KENNETH BLACK, WARDEN | : | |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Writ of Habeas Corpus

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     August 9, 2021

APPEARANCES:

For Petitioner:

Donell Parker, A330-319
Richland Correctional Institution
1001 Olivesburg Road
Mansfield, Ohio 44905

For Respondent:

Terri L. Fosnaught
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215

*Delaney, J.*

{¶1} On May 12, 2021, Petitioner, Donell Parker, filed a Petition for Writ of Habeas Corpus. Mr. Parker challenges juvenile transfer proceedings that occurred in the Cuyahoga County Juvenile Court. He asserts the juvenile transfer order was never filed and docketed to institute proceedings in the Cuyahoga County Common Pleas Court and the juvenile transfer order did not comply with former R.C. 2151.26 and Juv.R. 30. Mr. Parker also claims certain indictments do not comply with Crim.R. 6(F). Therefore, he concludes the Cuyahoga County Common Pleas Court lacked jurisdiction and he should be immediately released from prison. The Ohio Attorney General, on behalf of Respondent, Warden Kenneth Black, moved to dismiss Mr. Parker's petition under Civ.R. 12(B)(6).

**FACTS AND PROCEDURAL HISTORY**

{¶2} On February 1, 1996, a juvenile court complaint charged Mr. Parker with delinquency in connection with the 1987 shooting death of Robert Letson. On March 21, 1996, Mr. Parker, then 26 years old, appeared before the Cuyahoga County Juvenile Court for proceedings related to the state's motion to transfer the proceedings to the general division. Mr. Parker waived the amenability hearing and mental and physical examination and on April 4, 1996, the juvenile court found probable cause and granted the state's motion to transfer. [Memo. in Support of Petition, Exh. 1]

{¶3} On April 16, 1996, the Cuyahoga County Grand Jury indicted Mr. Parker on one count of aggravated murder by prior calculation and design, one count of aggravated murder in connection with aggravated robbery, both with felony murder and firearm

specifications, and one count of aggravated robbery, with a firearm specification. The matter eventually proceeded to a jury trial. The state dismissed the charge of aggravated murder by prior calculation and design. The jury found Mr. Parker guilty on the remaining two counts. The trial court sentenced Mr. Parker to a term of thirty years to life, for aggravated murder, plus three years for the firearm specification, and a consecutive term of ten to twenty-five years, for aggravated robbery, plus three years for the firearm specification.

{¶4} The Eighth District Court of Appeals affirmed Mr. Parker's convictions on direct appeal. *State v. Parker*, 8th Dist. Cuyahoga No. 71474, 1998 WL 166170 (Apr. 9, 1998).

## ANALYSIS

### A. Civ.R. 12(B)(6) standard and habeas corpus elements

{¶5} Respondent, Kenneth Black asks us to dismiss Mr. Parker's petition on the theory of res judicata which he raises in his Motion to Dismiss under Civ.R. 12(B)(6). We will address this argument under Civ.R. 12 even though res judicata is usually not a proper basis for dismissal under this rule. *See Jones v. Wainwright*, 162 Ohio St.3d 491, 2020-Ohio-4870, 165 N.E.3d 1253, ¶ 5. The Supreme Court recently explained in *Jones* that it would address a res judicata argument under Civ.R. 12(B)(6) because the defense did not depend on documents outside the pleadings. *Id.*

{¶6} Similarly, here, Mr. Parker attached documents to his Memorandum in Support of his Petition for Habeas Corpus that are pertinent to Respondent Black's res judicata argument. Under Civ.R. 10(C), these documents are considered a part of the

habeas corpus pleadings for all purposes. Therefore, we will proceed to address this matter as a Civ.R. 12(B)(6) dismissal motion.

{¶7} The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2383, ¶ 5.

{¶8} "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 157 Ohio St.3d 384, 2019-Ohio-4113, 137 N.E.3d 71, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8.

### B. Petitioner's arguments in support of habeas relief

{¶9} First, Mr. Parker asserts the Cuyahoga County Common Pleas Court, General Division, never acquired subject matter jurisdiction from the juvenile court

because the juvenile transfer order was never filed and docketed to institute proceedings in the general division. Attached to Mr. Parker's Memorandum in Support, as Exhibit 2, is a copy of the bindover order that indicates it was filed in the Cuyahoga County Common Pleas Court, Juvenile Division, on April 8, 1996. This order states, in part:

> The court, upon due consideration, grants the motion to transfer jurisdiction of the child's case to the general trial division of Cuyahoga County Common Pleas Court for criminal prosecution of the case. It is, therefore, ordered, adjudged, and decreed that pursuant to Ohio Juvenile Rule 30 and Ohio Revised Code Section 2151.26, the matter herein is transfered (sic) to the general trial division of the Cuyahoga County Common Pleas Court for further proceedings pursuant to law.

{¶10} Mr. Parker claims the docket for the general division does not contain the bindover order. He is correct because the bindover order was filed in the juvenile division, not the general division. The bindover order indicates such in its caption. Mr. Parker also maintains his case was instituted and docketed at his arraignment on April 19, 1996, seventeen days after the juvenile case was allegedly transferred. Again, based on the bindover order, filed on April 8, 1996, in the juvenile division, his case was instituted in the general division before his first appearance on April 19, 1996. Because the bindover order was properly filed and docketed the general division acquired jurisdiction from the juvenile division and therefore, had jurisdiction to address the charges against Mr. Parker.

{¶11} Second, Mr. Parker contends the bindover order did not comply with former R.C. 2151.26 and Juv.R. 30. He cites *State v. Newton*, 6th Dist. Fulton No. C.A. No. F-82-17, 1983 WL 6836 (June 10, 1983), for the proposition that a juvenile court must state

with reasonable specificity the factual basis underlying its order to transfer a juvenile to the common pleas court for prosecution as an adult. *Id.* at *4.

{¶12} The statute and juvenile rule at issue require the juvenile court to consider certain factors in making a bindover determination. Mr. Parker asserts the juvenile court failed to comply with the statute and rule for the following reasons: (1) a hearing never occurred on April 2, 1996; (2) the March 21, 1996 hearing transcript contains no mention of waiver of physical and mental examination and amenability; (3) the March 21, 1996 hearing contains no appointment of counsel; and (4) he did not receive appointed counsel until April 19, 1996, following his transfer to the general division.

{¶13} The exhibits attached to Mr. Parker's Memorandum in Support do not bear out his arguments. For example, Exhibit 2, the bindover order specifically indicates the matter was before the juvenile court for a hearing on April 2, 1996. The lack of a transcript does not prove that a hearing did not occur. We also note the bindover order states: "Subject, through counsel, waives amendability (sic) phase of this hearing and a mental and physical examination of said subject made by a duly qualified person(s)." Thus, Mr. Parker not only appears to have had counsel at the bindover hearing, but he also waived, through counsel, physical and mental examinations and the amenability phase of the hearing.

{¶14} Third, Mr. Parker contends Crim.R. 6(F) provides a strict procedure for filing and returning an indictment and Counts Two and Three were never "returned." The rule requires the indictment be returned by the foreperson or deputy foreperson "to a judge of the court of common pleas and filed with the clerk who shall endorse thereon the date of filing and enter each case upon the appearance and trial dockets."

{¶15} Exhibit 6, attached to Mr. Parker's Memorandum in Support, contains three True Bill Indictments filed with the Clerk of Courts on April 16, 1996. The indictments were Count One for aggravated murder, R.C. 2903.01; Count Two for aggravated murder, R.C. 2903.01; and Count Three for aggravated robbery, R.C. 2911.01. A time stamp does not appear on Counts Two and Three; however, it appears the indictments were filed as one document, with Count One being the first page containing a time stamp from the Clerk of Courts. Further, the printout of the Common Pleas Court's docket, attached as Exhibit 3 to Mr. Parker's Memorandum in Support, indicates the three pending charges on page 1.

{¶16} Our review of the exhibits submitted by Mr. Parker establishes his arguments lack merit and therefore, he is not entitled to habeas relief. Further, all of the arguments raised by Mr. Parker in his Petition for Habeas Corpus concern arguments he could have pursued in his direct appeal. As long as a petitioner had adequate legal remedies for the issues of which he complains by either direct appeal or post-conviction relief, the issues may not be addressed in habeas corpus. *Cornell v. Schotten*, 69 Ohio St.3d 466, 467, 633 N.E.2d 1111 (1994). Rather, res judicata applies barring a convicted defendant from litigating, in a collateral proceeding, any claim that either was raised or could have been raised at his trial or in his direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967); *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 1996-Ohio-337, 671 N.E.2d 233.

{¶17} The claims Mr. Parker raises here are claims that could have been addressed in his direct appeal. *See Moore v. Wainwright*, 160 Ohio St.3d 103, 2020-Ohio-846, 154 N.E.3d 22, ¶ 7 (Claims challenging the validity of the bindover proceedings could be raised on direct review.); *State ex rel. Arroyo v. Sloan*, 142 Ohio St.3d 541, 2015-Ohio-

2081, 33 N.E.3d 56, ¶ 5, quoting *McGee v. Sheldon*, 132 Ohio St.3d 89, 2012-Ohio-2217, 969 N.E.2d 262, ¶ 1 ("Habeas corpus is not available to challenge the validity of a charging instrument.").

## CONCLUSION

For the foregoing reasons, we grant Respondent Black's Motion to Dismiss.

MOTION GRANTED.

CAUSE DISMISSED.

COSTS TO PETITIONER.

IT IS SO ORDERED.

By: Delaney, J.,

Gwin, J. and

Hoffman, J., concur.