[Cite as *Addleman v. O'Malley*, 2021-Ohio-4429.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

SUSAN ADDLEMAN,                          :

     Plaintiff-Appellant,          :

                               No. 110173

     v.                                          :

PATRICK O'MALLEY, ET AL.,        :

     Defendants-Appellees.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 16, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-922817

---

***Appearances:***

Susan Addleman, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Susan Addleman ("Addleman"), proceeding pro se in this appeal and before the trial court, appeals the trial court's sua sponte grant of summary judgment in favor of defendants-appellees Patrick O'Malley ("O'Malley"), Golden Eagle Land Co. L.L.C. ("Golden Eagle"), Meador Motors L.L.C., and Mandi Moyer on all issues in the case on the ground of res judicata. We affirm.

## I. Introduction and Background

{¶ 2} The instant case was initiated on October 4, 2019, and amended by motions filed October 30, 2019, December 4, 2019, and March 12, 2020. Addleman cites misconduct by the parties relating to the wrongful repossession and sale in 2017 of a 2007 Ford purchased by Addleman from Loudon Motor Sales, L.L.C. ("Loudon Motor") in 2015. Addleman promptly filed bankruptcy and advised Loudon Motor of the stay. *In re Addleman*, Bankr.N.D.Ohio No. 17-16032, 1987 Bankr. LEXIS 3370 (Nov. 2, 2018). Loudon Motor failed to produce the car. The bankruptcy court addressed Loudon's violation of the automatic bankruptcy stay under 11 U.S.C. 362(a). *Id.*

{¶ 3} The bankruptcy opinion recites background facts that are pertinent here. Addleman began employment with O'Malley in 2015. O'Malley connected Addleman with a client, Walter Loudon ("Loudon"), the owner of Loudon Motor, who agreed to extend credit to Addleman to purchase the car for "$2,000 down and $318.62 per month for 36 months." *Id.* at ¶ 2. Title issued on June 24, 2015.

{¶ 4} Addleman resigned from employment several months after the purchase. O'Malley allegedly warned Addleman to return the car though Loudon advised that the payments were current. In September 2015, Loudon Motor repossessed the car because the payment was three days late. Addleman paid $2,500 to regain possession. *Id.* at ¶ 3.

{¶ 5} No monthly balance statements were issued to Addleman. In response to a text inquiry from Addleman in the summer of 2017, Loudon advised

that the balance was $122 but avoided Addleman's attempts to remit the balance and obtain title.

{¶ 6} On October 7, 2017, Loudon Motors repossessed the car without notice and failed to respond to Addleman's offers to pay $900 to recover the car. Addleman's vehicle contained most of her personal belongings and documents. Addleman filed bankruptcy on October 11, 2017, and texted Loudon and O'Malley to advise them of the bankruptcy filing and automatic stay. The trial court issued an order to return the car on February 2, 2018.

{¶ 7} Accompanied by local police, Addleman went to the Canton office of Loudon Motors to retrieve her vehicle. Addleman stated she believes she saw the vehicle on the lot but was advised that they did not have the vehicle, the order lacked a vehicle identification number, and suggested that she check the Alliance location. The vehicle was not in Alliance. Several days later, Addleman was advised by police that the car had been sold.

> On January 27, 2018, a related Loudon entity owned by Walter Loudon's son, Gregory D. Loudon, signed a contract to sell the 2007 Ford Mustang to a third party for $6,244.97. The contract appears to have been signed by Gregory D. Loudon. As of the date of this contract, the 2007 Ford Mustang was still titled in the debtor's name. It is unclear when the third party took possession of the 2007 Ford Mustang; however, neither Loudon Motor nor anyone acting on behalf of Loudon Motor ever released the lien on the debtor's certificate of title or obtained a new certificate of title in its own name to the 2007 Ford Mustang until March 13, 2018. Also on March 13, 2018, someone transferred title of the 2007 Ford Mustang from Loudon Motor to the third-party purchaser. In other words, on January 27, 2018, the related Loudon entity sold a car for which it held no certificate of title. On March 13, 2018, that same related entity then transferred title from the debtor to a third party with actual knowledge of both the debtor's

> pending bankruptcy and the Court's February 1, 2018 order to return the debtor's car, based on the debtor's visit to the Loudon used car lot in Alliance on February 2, 2018.

*In re Addleman*, Bankr.N.D.Ohio No. 17-16032, 2018 Bankr. LEXIS 3370, at 7-8 (Nov. 21, 2018).

{¶ 8} The bankruptcy court determined that, as of October 11, 2017, the balance of $122 was established by a preponderance of the evidence. The court ruled that Loudon Motor "willfully violated the automatic stay and order[ed] Loudon Motor to pay the debtor $18,603 in actual damages, including $2,625 in attorney's fees, plus $25,000 in punitive damages by November 30, 2018." *Id.* at ¶ 35.

{¶ 9} The instant case was initiated on October 7, 2019, initially against O'Malley only and is categorized as a "tort-legal malpractice." The pleading recounts the events surrounding Addleman's former employment, the car purchase, and repossession. To that end, Addleman amended the complaint several times to add defendants and elaborate on the car issue, the bankruptcy judgment, and the difficulties she has encountered in recovering the judgment.

{¶ 10} Golden Eagle filed a general denial on April 21, 2020, and a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6), improper venue and that the complaint is barred by res judicata. No other answers were filed. Also on that date, Addleman and Loudon stipulated to a dismissal with prejudice.

{¶ 11} On September 24, 2020, the trial court issued a sua sponte motion to dismiss and rendered the pending motion moot:

> This entry is upon defendants' motions to dismiss.

> The court, sua sponte, issues its own motion to dismiss on the basis of res judicata and converts the motions to dismiss on that issue into one on summary judgment as to the entirety of the complaint. *Musa v. Gillett Communs*, 119 Ohio App.3d 673, 696 N.E.2d. 227 (8th Dist. 1997).
>
> Plaintiff is to provide evidence and argument demonstrating why this case should not be barred by the doctrine of res judicata by virtue of the bankruptcy case in 17-16032 within 28 days of this order pursuant to Civ.R. 6(C)(1). Failure of plaintiff to provide said material will result in dismissal of the entirety of the complaint.
>
> The court notes that the trial date of 10/19/2020 will be continued and rescheduled if necessary upon further order of court.

Journal entry No. 114532617 (Sept. 24, 2020).

{¶ 12} On October 14, 2020, Addleman opposed summary judgment with a supporting affidavit. Addleman claimed the defendants are not the same defendants in the bankruptcy case and the activities complained of occurred after the bankruptcy order was issued and turn on appellees' efforts to sabotage the judgment collection.

{¶ 13} As to O'Malley, Addleman stated he represented Loudon and Loudon Motors in the bankruptcy action, though another attorney appeared at the stay hearing. Addleman also stated that the claims against O'Malley involved his alleged misconduct during the term of employment, that O'Malley played a pivotal role in the activities surrounding the repossession of her vehicle, and that O'Malley has harassed Addleman regarding the car matter.

{¶ 14} On November 24, 2020, the trial court ruled.

> The court notes that the entirety of plaintiff's complaint stems from plaintiff's issues with the taking of her car and the abuses therein. The record reflects, however, that the bankruptcy court in Case No. 17-

16032 provided plaintiff compensatory damages as well as $25,000.00 in punitive damages for the underlying misconduct. All of plaintiff's alleged claims occurred prior to November 2, 2018, when the bankruptcy court issued these damages. As such, the entirety of the issues addressed in plaintiff's complaint existed at, and or, were contemplated by, the bankruptcy court in its award of damages.

A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Cuyahoga Supply & Tool v. Kilbane*, 2000 Ohio App. Lexis 6078 (Dec. 21, 2000), citing *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 653 N.E.2d 226 (1995), syllabus.

As the entirety of plaintiff's complaint stems from the same transactions or occurrences, and the bankruptcy court has issued a final judgment encompassing these issues, plaintiff's complaint is barred by the doctrines of collateral estoppel and issue preclusion.

Based on the foregoing, the complaint is dismissed with prejudice in its entirety. Pursuant to Civ. R. 58(B), the clerk of courts is directed to serve this judgment in a manner prescribed by Civ. R. 5(B). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service.

Journal entry No. 115180381 (Nov. 24, 2020.)

{¶ 15} Addleman appeals.

## II. Assignment of Error

{¶ 16} Addleman assigns as error the trial court's grant of summary judgment. Except for Golden Eagle's unsuccessful motion to strike Addleman's brief, no briefs have been filed by appellees.

## III. Pro Se Parties

{¶ 17} We first point out that, while Addleman proceeds pro se, "'pro se litigants are presumed to have knowledge of the law and legal procedures and * * * they are held to the same standard as litigants who are represented by counsel.'"

*State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (8th Dist.2001). "'Pro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes.'" *Fazio v. Gruttadauria*, 8th Dist. Cuyahoga No. 90562, 2008-Ohio-4586, ¶ 9, quoting *Williams v. Lo*, 10th Dist. Franklin No. 07AP-949, 2008-Ohio-2804, ¶ 18.

{¶ 18} Except for the reference to the bankruptcy action, Addleman's appellate brief cites no statute, rule, or case law and is entirely weighted toward the facts and history of the parties and the car issue. Generally, where an appellee fails to file responsive briefs, "this 'court may accept the appellant's statement of the facts and issues as correct and reverse judgment if appellant's brief reasonably appears to sustain such an action.'" *Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 8, fn. 1, quoting App.R. 18(C).

{¶ 19} However,

App.R. 18(C) does not impose a form of appellate default judgment where the court of appeals can reverse solely because the appellee failed to file a brief. Reversal is warranted only if the arguments in the appellant's brief reasonably appear to support a reversal.

*In re S.M.T.*, 8th Dist. Cuyahoga No. 97181, 2012-Ohio-1745, ¶ 3.

{¶ 20} In the interests of justice, we have reviewed the record in this case and issue an opinion.

## IV. Standard of Review

{¶ 21} The trial court converted its sua sponte motion to dismiss for res judicata to one for summary judgment on the entirety of the complaint as to all

parties. "We review summary judgment rulings de novo, applying the same standard as the trial court." *Montgomery v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 109559, 2021-Ohio-1198, ¶ 18, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Id.*

{¶ 22} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. Civ.R. 56. "Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E)." *Mattress Matters, Inc. v. Trunzo*, 2016-Ohio-7723, 74 N.E.3d 739, ¶ 10 (8th Dist.).

V.   **Collateral Estoppel and Issue Preclusion**

{¶ 23} The trial court's judgment of res judicata is based on issue preclusion and collateral estoppel, citing *Cuyahoga Supply & Tool*, 8th Dist. Cuyahoga No. 76893, 2000 Ohio App. LEXIS 6078 (Dec. 21, 2000), citing *Grava*, 73 Ohio St.3d 379, 653 N.E.2d 226, at syllabus. "All of plaintiff's alleged claims occurred prior to November 2, 2018, when the bankruptcy court issued these damages." Journal entry No. 115180381 (Nov. 24, 2020). "As such, the entirety of the issues

addressed in plaintiff's complaint existed at, and or, were contemplated by, the bankruptcy court in its award of damages." *Id.*

{¶ 24} We first observe that

> [t]he doctrine of res judicata "involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). "Under the doctrine of res judicata, 'a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them.'" *Jones v. Wainwright*, 162 Ohio St.3d 491, 2020-Ohio-4870, 165 N.E.3d 1253, ¶ 6, quoting *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7.

*Benkovits v. Bandi*, 8th Dist. Cuyahoga No. 109533, 2021-Ohio-1877, ¶ 16.

{¶ 25} However,

> "[i]ssue preclusion 'prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit.'" *State ex rel. Jefferson v. Russo*, 159 Ohio St.3d 280, 2020-Ohio-338, 150 N.E.3d 873, ¶ 9, quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917 (1994).

*Id.*

{¶ 26} Addleman's complaint, although it touches on the factual background concerning her bankruptcy action, does not assert any claims cognizable in bankruptcy court. *In re Addleman*, Bankr.N.D.Ohio No. 17-16032, 2018 Bankr. LEXIS 3370, at 35. According to a generous reading of the pro se complaint in this action, Addleman largely sought to allege that O'Malley, along with the other defendants, harassed or "stalked" her during the time period in which the car in question was wrongfully repossessed and sold. Further, claim preclusion cannot apply as between nonrelated parties without some privity in interest. *Midwest*

*Curtainwalls, Inc. v. Pinnacle 701, L.L.C.*, 8th Dist. Cuyahoga No. 92269, 2009-Ohio-3740, ¶ 43. That privity, as between the defendants in this action and Loudon Motor Sales, L.L.C., in the bankruptcy case, has not been established, much less discussed.

{¶ 27} However,

> an appellate court must affirm a trial court's judgment if there are any valid grounds to support it, and because another valid ground exists to support the trial court's outcome, we need not decide the issue TP raises. *See Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990) (noting an appellate court must affirm the judgment on review if that judgment is legally correct on other grounds, as any error is not prejudicial in view of the correct judgment the trial court reached).

*TP Mechanical Contrs., Inc. v. Franklin Cty. Bd. of Commrs.*, 10th Dist. Franklin No. 09AP-235, 2009-Ohio-3614, ¶ 12.

{¶ 28} To the extent Addleman seeks to enforce the bankruptcy court's judgment or to pursue other causes of action, it is Addleman's responsibility to do so employing proper claims and procedures in the appropriate court. The conduct Addleman complains of, through her allegations, does not present cognizable tort claims under Ohio law. "Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency." *Saeed v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7, citing *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. We reiterate that "[p]ro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are

represented by counsel." *Id.*, citing *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

{¶ 29} This court fully reviewed the record and the hardships suffered by Addleman. We do not take Addleman's concerns lightly. Though we are sincerely sympathetic, we are bound to follow the law.

{¶ 30} We find that the trial court properly granted summary judgment and dismissal of the complaint with prejudice in this case albeit on other grounds due to Addleman's failure to state a cognizable claim.

{¶ 31} The assigned error lacks merit.

## VI. Conclusion

{¶ 32} The trial court's judgment is affirmed on other grounds.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR