[Cite as *Chester v. Hunsinger-Stuff*, 2025-Ohio-1755.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ISAAC CHESTER #791-522 | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Petitioner | : | Hon. Andrew J. King, J. |
| | : | Hon. Robert G. Montgomery, J. |
| -vs- | : | |
| | : | |
| ANGELA HUNSINGER-STUFF | : | Case No. 2025 CA 0025 |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Writ of Habeas Corpus


JUDGMENT:                         Dismissed


DATE OF JUDGMENT:                 May 15, 2025


APPEARANCES:

For Petitioner                               For Respondent

ISAAC CHESTER #791-522              ANGELA HUNSINGER-STUFF
Richland Correctional Institution      Richland Correctional Institution
1001 Olivesburg Road                  1001 Olivesburg Road
Mansfield, OH  44905                  Mansfield, Ohio  44905

*King, J.*

{¶ 1}   On April 4, 2025, Petitioner Isaac Chester filed a Petition for a Writ of Habeas Corpus. Chester claims he is being unlawfully imprisoned by Respondent Angela Hunsinger-Stuff in the Richland Correctional Institution. He requests a hearing before this Court and an immediate order of discharge from his detention and restraint.

{¶ 2}   For the following reasons, we find Chester is not entitled to habeas corpus relief and we grant Respondent Hunsinger-Stuff's Motion to Dismiss under Civ.R. 12(B)(6).

### Background

{¶ 3}   Chester alleges the following facts in his petition. He claims on August 10, 2021, he was denied his constitutional right to a speedy trial, in Portage County case number 2021-CR-00462, when the trial court judge proceeded with a hearing that was originally scheduled to be a jury trial. Chester's counsel moved for dismissal of the Portage County charges on speedy trial grounds. The trial court judge denied the motion and allegedly forced a plea hearing.

{¶ 4}   Chester further alleges the Portage County judge was without jurisdiction due to the speedy trial violation and therefore, the Portage County sentence, that interrupted a two to three-year sentence he was serving in Cuyahoga County, was void. Petitioner asserts the Cuyahoga County sentencing entry presumptively assumed he would be released once he served two years, which means his sentence would have terminated on January 28, 2024, if not for the fraudulent Portage County sentence.

{¶ 5}   However, the Portage County judge delayed Chester's sentencing for one year and did not sentence him until August 10, 2022, which was nearly five months after he began serving his Cuyahoga County sentence. Chester claims the Portage County judge was insistent that he be sentenced in Cuyahoga County first so she could order a mandatory, consecutive sentence as opposed to Cuyahoga County running its sentence concurrent to the Portage County sentence.

{¶ 6}   Finally, Chester claims the Portage County judge denied him his constitutional rights when she refused to provide him with "all" transcripts as agreed when she granted his motion for transcripts at state's expense. He claims he only received three transcripts and was denied six additional transcripts. Therefore, Chester concludes he was denied a thorough review of his claimed errors on appeal.

{¶ 7}   On April 21, 2025, Respondent Hunsinger-Stuff filed a Motion to Dismiss under Civ.R. 12(B)(6). Chester did not file a response to the motion.

**Analysis**

*A.   Habeas corpus elements and Civ.R. 12(B)(6) standard*

{¶ 8}   "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 2019-Ohio-4113, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. "[A]n inmate is not usually eligible for habeas relief until his maximum sentence has expired." (Citation omitted.) *Pence v. Bunting*, 2015-Ohio-2026, ¶ 9. Finally, habeas corpus is not available when an adequate remedy at law exists. (Citations omitted.) *Billiter v. Banks*, 2013-Ohio-1719, ¶ 8.

{¶ 9}   The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95 (1995). For a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 2008-Ohio-1443, ¶ 10.

{¶ 10} If a petition does not satisfy the requirements of a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 2005-Ohio-2383, ¶ 5 (7th Dist.). Finally, we are permitted to consider material incorporated within a complaint as part of that pleading, without having to convert the matter to a summary judgment proceeding. *See Boyd v. Archdiocese of Cincinnati*, 2015-Ohio-1394, ¶ 14 (2d Dist.) quoting *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1 (1997). (" 'Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.' ")

*B.  Res judicata bars Chester's request for habeas corpus relief.*

{¶ 11} In her Motion to Dismiss, Respondent Hunsinger-Stuff maintains res judicata precludes Chester from filing successive habeas corpus petitions. Under this doctrine, "a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them." (Citations omitted.) *Brooks v. Kelly*, 2015-Ohio-2805, ¶ 7. In the context of habeas petitions, res judicata bars successive petitions

when the petitioner either raised or could have raised the same issues in his or her first habeas action. *Id.* at ¶ 7-8.

{¶ 12} "[R]es judicata usually is not a proper basis for dismissal under Civ.R. 12 (under which the court examines only the pleadings), it is more readily applied under Civ.R. 56 (under which the court may consider extrinsic evidence.)" (Citation omitted.) *Jones v. Wainwright*, 2020-Ohio-4870, ¶ 5. However, here, as in *Jones*, Respondent Hunsinger-Stuff's motion to dismiss does not rely on documents outside the pleadings and therefore, we may dismiss Chester's petition under Civ.R. 12(B)(6) without converting Respondent Hunsinger-Stuff's Motion to Dismiss to a summary judgment motion.

{¶ 13} In his Affidavit of Prior Civil Actions, filed simultaneously with his habeas corpus petition, Chester acknowledges at paragraphs 14 and 18 that he previously filed habeas corpus petitions in this Court. In Richland County case number 2024 CA 0007, Chester sought habeas corpus relief maintaining the Bureau of Sentence Computation improperly stopped his Cuyahoga County sentence to begin his Portage County sentence without a hearing. We dismissed the petition under Civ.R. 12(B)(6).

{¶ 14} In Richland County case number 2025 CA 0004, we sua sponte dismissed Chester's Petition for Writ of Habeas Corpus because he failed to include a brief description of his prior civil actions as required by R.C. 2969.25(A). We acknowledge we did not address the merits of Chester's habeas corpus petition in Richland County case number 2025 CA 0004. However, we addressed the merits regarding his sentencing in Portage County in Richland County case number 2024 CA 0007. The present petition again challenges the sentence rendered by the Portage County Common Pleas Court and raises additional issues as a basis for habeas corpus relief. However, because

Chester's current petition presents arguments that he pursued or could have pursued in his first habeas corpus petition filed in Richland County case number 2024 CA 0007 res judicata applies to bar the present habeas corpus petition.

## Conclusion

{¶ 15} For these reasons, we grant Respondent Hunsinger-Stuff's Motion to Dismiss under Civ.R. 12(B)(6). Chester's request for an immediate hearing is denied. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶ 16} MOTION GRANTED.

{¶ 17} CAUSE DISMISSED.

{¶ 18} COSTS TO PETITIONER.

{¶ 19} IT IS SO ORDERED.

By Andrew J. King, J.

Hoffman, P.J. and

Montomery J. concur.