[Civ. No. 371.   Second Appellate District.—June 20, 1907.]

AMERICAN COPYING COMPANY, a Corporation, Appellant, v. LEON LEHMANN and WILLIAM MAX WATERMAN, Copartners, etc., Respondents.

CONTRACT FOR TRADING STAMPS—PREMIUM PICTURES—PATRONAGE—FRAUDULENT ALTERATION OF ORDERS—ACTION BY FRAUDULENT PARTY.—Where the scheme contemplated by a contract for trading stamps and premium pictures was to secure to the defendants a return for their outlay, and free advertising and patronage, while all money profits were to go to the trading stamp company, plaintiff, which was to obtain orders for trading stamps and premiums, which orders were fraudulently altered by it after signature, and were repudiated by the signers, which stopped the business, the trading stamp company could not sever the contract, and take advantage of its own fraud and failure to keep the contract, and sue to compel the defendants to pay for all trading stamps delivered.

ID.—RESCISSION NOT NECESSARY—COURTS WILL NOT AID FRAUDULENT PARTY.—No rescission of the contract on the part of the defendant was necessary.   Courts will not aid an accounting by a person defrauded at the request of the party guilty of the fraud.

APPEAL from a judgment of the Superior Court of Ventura County.   Felix W. Ewing, Judge.

The facts are stated in the opinion of the court.

6 Cal. App.—1.          (1)

Shepherd & Barnes, for Appellant.

Fraud without damage furnishes no ground of action or defense. No damage was shown. (*Holter* v. *Noff*, 83 Cal. 7, 23 Pac. 58.) The defendant, having kept and used eighteen books of stamps, must pay for the number delivered. Performance of an entire contract is not a condition precedent, where performance consists of several parts, and is severable. (*Wetmore* v. *Tracy*, 14 Wend. 251, 28 Am. Dec. 525; *Pierson* v. *Crooks*, 115 N. Y. 539-547, 22 N. E. 349.) A party who has the possession and enjoyment of the labor of another must make compensation for what he has received. (Civ. Code, sec. 1589.) Defendants should have rescinded promptly if fraud was claimed. (Civ. Code, sec. 1691; *Marten* v. *Burns Wine Co.*, 99 Cal. 355, 33 Pac. 1107; 29 Am. & Eng. Ency. of Law, p. 1100, and cases cited; 14 Am. & Eng. Ency. of Law, p. 164.)

I. W. Stewart, and Blackstock & Orr, for Respondents.

The complaint is insufficient; nothing can be presumed but what is necessarily required for the fact stated. (*Barron* v. *Frink*, 30 Cal. 486, 488.) The orders having been fraudulently altered, and the contract not having been performed on plaintiff's part, plaintiff cannot recover. (Civ. Code, secs. 1436, 1439.) Where, as here, the failure to perform was the result of bad faith, no recovery can be had. (*Perry* v. *Quackenbush*, 105 Cal. 299, 308, 38 Pac. 740; *Elliott* v. *Caldwell*, 43 Minn. 357, 45 N. W. 845.) The scheme of the contract was an entirety, and is not severable, and the performance of an act which is a condition precedent must be strictly performed before action brought on the contract. (*Barron* v. *Frink*, 30 Cal. 486, 488, 489; *Osborne* v. *Elliott*, 1 Cal. 337, 350; *Lowber* v. *Bangs*, 69 U. S. 728, 829; *Norrington* v. *Wright*, 115 U. S. 188, 6 Sup. Ct. Rep. 12; *Cathin* v. *Tobias*, 26 N. Y. 217, 221, 84 Am. Dec. 183.) Defendant can treat the contract as at an end without rescission, actual fraud and forgery having been practiced in a matter essential to the contract as a condition precedent. (*Gillespie Tool Co.* v. *Wilson*, 123 Pa. St. 19, 16 Atl. 36; *Perry* v. *Quackenbush*, 105 Cal. 299, 308, 38 Pac. 740; *Elliott* v. *Caldwell*, 43 Minn. 357, 45 N. W. 845.)

TAGGART, J.—Plaintiff appeals from judgment in favor of defendants.

Plaintiff is an Illinois corporation engaged in supplying trading stamps and free enlarged portraits, and paid-for frames therefor, to merchants desirous of increasing trade by such methods. Defendants are merchants in the town of Oxnard, Ventura county, California.

From the complaint it appears that plaintiff and defendants entered into a contract in writing whereby the former agreed to print the name and business of defendants in its citizens' stamp directory, to canvass and deliver to the homes of Oxnard and vicinity copies of the stamp directory, explain the use of it, and to secure orders from at least one hundred persons for portraits, to be given free by defendants, upon presentation of twenty-five dollars' worth of stamps. In consideration for this the defendants were to pay to plaintiff $175 for one hundred oval frames, upon the completion of the canvass, and to receive from plaintiff a sufficient amount of stamps to carry out the scheme shown in the contract, paying therefor fifty cents per hundred for all stamps used, to make weekly settlements and to promptly return all redeemed stamps. The contract to continue for two years. Upon the face of the order for frames set out in the complaint appears the words: "This is part of the agreement that 100 persons are to order 100 frames." It is alleged in the answer, and found by the court, that these words were written in at the request of defendants, and were intended to and did obligate the plaintiff to secure orders for one hundred picture frames to be purchased from defendants at $3 per frame, being the same frames which defendants purchased from plaintiff at $1.75 per frame.

The complaint further alleges a full compliance with the contract by plaintiff, the delivery to defendants of twenty-three stamp books of five thousand stamps each, to be paid for at the rate of fifty cents per hundred, and demands judgment for $575.

The court finds that: The plaintiff made a canvass of the town of Oxnard, procured one hundred and twenty-four orders for portraits, each including an agreement to trade the amount of $25 at defendants' store, each person so ordering to receive an enlarged portrait, called a "Demar portrait"

in the order. These orders were signed by the respective persons giving them, and near the signature on each was stamped with a rubber stamp the words, "Reserve for me one frame," and delivered to the defendants by the solicitor for plaintiff as and for the orders provided for in the contract. The defendant thereupon paid said sum of $175 for the frames and received the one hundred picture frames. The words "Reserve for me one frame " were not on said orders when signed by the respective parties signing the same, but were stamped thereon between the time they were signed and the time of delivery to the defendants, and the agent of plaintiff represented to defendants that said words were placed thereon prior to signature. The signers of said orders repudiated said orders as altered and refused to take or pay for said frames, and defendants notified plaintiff of such repudiation, but plaintiff did not procure other or further orders or canvass therefor, whereupon defendants ceased to use said trading stamps. The defendants received twenty-three books of said stamps and used eighteen thereof.

Judgment was for defendants for costs, and against their counterclaim for damages for loss of trade because of failure of plaintiff to carry out the contract.

Appellant contends that the contract is severable, and that plaintiff is entitled to a judgment for the eighteen books at fifty cents per hundred, on the findings made. We cannot agree with this contention. An examination of the entire scheme discloses that the purpose and intent of the contract as made was to secure a return to the defendants of all the moneys which they obligated themselves to pay to plaintiff, and thereby receive at no cost to themselves the advertising and patronage resulting from the scheme, while all the money profits went to the plaintiff. By the contract the signers of the orders were to bind themselves to trade $25 worth at defendants' store, pay $3 for the privilege, and receive nothing in return but the article which defendants now say was worthless; the merchant was to receive the benefit of the patronage secured by the scheme, and in return was to advance $175 to plaintiff, which he was in time to collect from the customer, be responsible for the balance of the $3 per frame, collect the same and remit it to plaintiff. The reasons upon which the supreme court held the "anti-trade stamp act" unconstitutional would hardly apply to this scheme.

(*Ex parte Drexel*, 147 Cal. 763, [82 Pac. 429].) Conceding, however, that public policy would not prevent a court of justice from enforcing such a contract if carried out in good faith, an examination of the findings requires the consideration of the further fact of the false and fraudulent alteration of the orders by plaintiff after procuring the signatures thereto. One of the moving considerations to defendants to enter into the contract was the sale of the frames at $3 each, that they might thereby get their money back. No such sales were made by plaintiff. Nothing was done by it to comply with this provision of the contract. The only attempt to do so was the fraudulent alteration of the orders. In other words, the character of the transaction being left out of consideration, there was not such a compliance with the contract upon plaintiff's part as to permit it to recover. No rescission was necessary. (*Field* v. *Austin*, 131 Cal. 379, [63 Pac. 692].) Courts are not vigorous in compelling an accounting by the person defrauded at the request of the party guilty of the fraud. (*More* v. *More*, 133 Cal. 493, [65 Pac. 1044].) "Parties so engaged are not the objects of the special solicitude of the courts." (*Neblett* v. *McFarland*, 92 U. S. 101.)

Judgment of superior court affirmed.

Allen, P. J., and Shaw, J., concurred