DECISION
{¶ 1} Plaintiff-appellant, William J. Cusack ("appellant"), appeals from the judg-ment of the Franklin County Court of Common Pleas dismissing with prejudice, appel-lant's complaint filed against defendants-appellees, ICS Holdings, Inc. ("ICS"), ICS Holdings, Sub 1, Inc. ("Sub 1"), and Mark Litton ("Litton").
 {¶ 2} This litigation arises out of a business venture between appellant and appellee Litton to purchase a radio station located in Mt. Gilead, Ohio (hereinafter "WVXG"). The parties dispute how the station was to be purchased, appellant arguing that it was to be jointly acquired, while appellee Litton contends that due to appellant's actions and/or inactions, Litton acquired the station individually.
 {¶ 3} On January 13, 2004, appellant filed a complaint against appellees in the Delaware County Court of Common Pleas inCusack v. Litton, case No. 04-CVH-01-020, and asserted claims for breach of oral contract, breach of written contract, and injunctive relief. On February 12, 2004, appellant filed an amended complaint ("first amended complaint"), adding claims for fraud and specific performance. This case was transferred to Franklin County Court of Common Pleas and assigned case No. 04-CVH-03-2422 ("2422 action").
 {¶ 4} On March 31, 2004, appellees moved for a partial dismissal of the first amended complaint. Appellant responded with a motion for leave to file a second amended complaint. In addition to reasserting the six claims set forth in the first amended complaint, a proposed second amended complaint added six new claims. After giving the parties the opportunity to brief the issues, the trial court issued an order on February 18, 2005 that (1) dismissed appellant's first and second claims against appellees ICS and Sub 1; (2) dismissed appellant's third, fourth, and sixth claims in their entirety; and (3) denied appellant's motion for leave to file a second amended complaint.
 {¶ 5} On February 22, 2005, appellant filed an original action in the Franklin County Court of Common Pleas to which case No. 05-CVH-02-1983 ("1983 action") was assigned. The complaint filed in the 1983 action was essentially appellant's proposed second amended complaint from the 2422 action, that he was denied leave to file, with the addition of a new claim against a new defendant, Christian Voice of Central Ohio, Inc. ("Christian Voice"). The 1983 action and the 2422 action were consolidated and appellees moved for dismissal of the claims asserted in the 1983 action. On April 14, 2005, the trial court filed a judgment entry that reflected the dismissals it made in the February 18, 2005 order. Appellant sought reconsideration of the trial court's decision, or alternatively, a Civ.R. 54(B) determination that there is no just reason for delay so that he could file an interlocutory appeal.
 {¶ 6} On August 29, 2005, after the parties briefed the issues, the trial court issued two orders. One order granted appellees' motion to dismiss the claims made against them in the 1983 action, and the other order denied appellant's motion for reconsideration and for a Civ.R. 54(B) determination. Appellant voluntarily dismissed Christian Voice, and the trial court issued a judgment entry dismissing appellant's claims contained in the 1983 action. It is from this entry that appellant appeals.
 {¶ 7} On appeal, appellant asserts the following single assignment of error:
The trial court erred when it dismissed, with prejudice, each of Appellant William J. Cusack's claims against Appellees ICS Holding, Inc. (hereinafter "ICS"), ICS Holdings, Sub #1, Inc. (hereinafter "Sub 1") and Mark Litton (hereinafter "Litton").
 {¶ 8} The trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(6). Appellate review of an order granting a Civ.R. 12(B)(6) motion to dismiss is de novo.Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79. Appellant contends that the issue for our review is whether or not it is improper for the trial court to dismiss a claim with prejudice where the claim is dismissed for failure to state a claim and there is no evidentiary determination made as to the underlying validity of the dispute. However, because of the unique procedural history in this case, we do not find that appellant has accurately set forth the central issue in this case. Rather, this case entails a scenario in which the trial court dismissed, with prejudice, claims that it either had already disposed of in a previous decision, denied appellant leave to file, or still had pending before it. Appellant argues that if this court affirms the trial court's actions, he is left without a way to have his claims heard and to have his day in court; however, such does not either accurately reflect the circumstances of this case, or the ramifications of an affirmance. Because the claims filed in the 1983 action were the same as those contained in the proposed second amended complaint in the 2422 action, that appellant was denied leave to file, with the exception of the claim against Christian Voice, we do not find that the trial court erred in dismissing those claims with prejudice.
 {¶ 9} While there is little precedent on this issue, appellees direct our attention to a similar circumstance addressed by the Supreme Court of New York in Ashburton Ave.Corp. v. N.Y. Property Ins. Underwriting Assn. (1986),124 A.D.2d 718, 508 N.Y.S.2d 227. In Ashburton, the court stated:
An examination of the instant complaint indicates that the plaintiff has merely reiterated the allegations set forth in the third cause of action asserted in a complaint in a prior action. That cause of action had been dismissed for legal insufficiency, without leave to amend the complaint, by an order of the Supreme Court, Westchester County, dated October 1, 1984. Accordingly, Special Term properly dismissed the complaint in the case at bar. We strongly disapprove of the plaintiff's attempt to circumvent the order denying it leave to amend the complaint in the prior action through the simple and transparent expedient of disguising this essentially identical action as one sounding in tort instead of contract.
 {¶ 10} Additionally, in Sensormatic Security Corp. v.Sensormatic Electronics Corp. (2004), 329 F.Supp.2d 574, a plaintiff filed a separate action asserting almost verbatim the same claim that the court prohibited it from filing when the court denied the plaintiff's motion for leave to file an amended complaint. The court in Sensormatic stated, "the preclusion of a claim not only prohibits a plaintiff from filing duplicative suits and from circumventing an earlier ruling of the court, it is in keeping with `the rule that a plaintiff must bring suit against the same defendant on all claims that relate to the same conduct, transaction or event at the same time.'" Id. at 579, quoting Curtis v. Citibank, N.A., (C.A.2 2000), 226 F.3d 133,139. See, also, Glitsch, Inc. v. Koch Engineering Co., Inc.
(2000), 216 F.3d 1382 (dismissing plaintiff's declaratory judgment action finding that it was an attempt to attack the court's earlier order denying it leave to amend its answer);Ricard v. Grobstein (1992), 6 Cal. App. 4th 157 (dismissing plaintiff's complaint finding that it was filed solely to circumvent the court's ruling denying him leave to amend).
 {¶ 11} In the present case, appellant filed the nearly identical proposed amended complaint, which he was denied leave to file, as a new action. In filing the 1983 action, appellant is attempting to use a second action to raise claims that he was specifically denied leave to file in the 2422 action. However, if appellant is displeased with the trial court's actions and its denial of his request for leave to file a second amended complaint, then appellant's proper recourse is to appeal such decision, not simply file another action asserting the same claims in what appears to be an attempt to obtain a more favorable ruling from a different judge. If allowed to proceed, not only would the trial court's actions be negated, but also the long standing procedure that review of a trial court's ruling should take place only after a final judgment is entered in a case would be undermined.
 {¶ 12} In support of his position that dismissals, with prejudice, are generally disfavored, appellant relies on Restatement 2d, Judgments (1982), Section 19, Comment d. It is important, however, to read Comment d in the context of the general rule of that section. Section 19 provides in part:
§ 19 Judgment for Defendant — The General Rule of Bar
A valid and final personal judgment rendered in favor of thedefendant bars another action by the plaintiff on the sameclaim.
 COMMENTS ILLUSTRATIONS: Comment:
 a. Rationale. * * *
The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end. These considerations may impose such a requirement even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himselfof opportunities to pursue his remedies in the first proceeding,or has deliberately flouted orders of the court.
The general rule stated in this Section requires that errors underlying a judgment be corrected on appeal or other available proceedings to modify the judgment or to set it aside, and not made the basis for a second action on the same claim.
* * *
d. Judgment for defendant on insufficiency of the complaint.
The rule stated in this Section is applicable to a judgment for the defendant on demurrer or motion to dismiss for failure to state a claim. Such a result is warranted by the ease with which pleadings may be amended, normally at least once as a matter of course, and by the unfairness of requiring the defendant to submit to a second action (often initiated long after the first has come to an end) when no such amendment is sought, or when noappeal has been taken from an erroneous denial of leave toamend.
(Emphasis added).
 {¶ 13} As previously stated, appellant's remedy, supported even by the only authority with which appellant has provided us, is through appeal in the 2422 action, which contains a partial dismissal of appellant's claims, as well as the denial of leave to file a second amended complaint. We pass no judgment as to the appropriateness of the trial court's ruling with respect to the denial of appellant's request for leave to file a second amended complaint, as that issue is not before us.
 {¶ 14} Upon review of the record, we find that the trial court did not err in dismissing, with prejudice, the claims contained in the 1983 action, as they were merely a reassertion of claims already made before the trial court in the 2422 action.
 {¶ 15} For the foregoing reasons, we overrule appellant's single assignment of error and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Petree and Brown, JJ., concur.