[Cite as *Song v. Rom*, 2024-Ohio-1787.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| XUDONG SONG, ET AL., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 112770 |
| v. | : | |
| DAVOR ROM, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-931640

### *Appearances:*

DJKovach Law LLC and David J. Kovach, *for appellants*.

Sammon Law, LLC, and Colin P. Sammon, *for appellees* TitleCo Title Agency, Ltd., and Kim Greco.

James D. Gilbert, *for appellees* WC Management, Close To Home Realty LLC, Steve Close, and Alex Close.

EMANUELLA D. GROVES, J.:

{¶ 1} Now come plaintiffs-appellants, Xudong Song ("Song") and Sunshine International LLC ("Sunshine") (collectively, "Appellants"), and appeal the trial

court's decision to dismiss Appellants' claims, with prejudice, against 11 of 14 defendants. For the reasons that follow, we affirm the judgment of the trial court.

**Factual Background**

{¶ 2} This case involves the sale of approximately 60 properties in the state of Ohio to Song. Defendant-appellee Davor Rom ("Rom"), a Florida resident, utilized several companies in both Florida and Ohio to facilitate these sales. Rom principally did business through his company defendant-appellee Assets Unlimited LLC ("Assets Unlimited"), a Florida limited liability company. Rom utilized Ohio limited liability companies created on his behalf to market and sell the properties. Three of those companies were defendants-appellees Property Hotline LLC ("Property Hotline"); IIP[1] Cleveland Regeneration ("ICR"); and a former party, IIP Ohio LLC[2] ("IIP Ohio"). Rom utilized defendant-appellee TitleCo Title Agency, Ltd. ("TitleCo") for title and escrow services for its sales in Ohio. Rom also appointed TitleCo's owner, defendant-appellee Kim B. Greco ("Greco"), as the statutory agent for IIP Ohio; IIP Management LLC ("IIP Management"); ICR; and IIP Akron LLC ("IIP Akron") in 2014. TitleCo handled all of the title and escrow services for sales of property to Song.

{¶ 3} In September 2013, Song, a Chinese national, responded to an advertisement from SouFun International Ltd ("SouFun") by sending an email to

---

[1] IIP stands for Investment Income Properties and is used in the name of several of Rom's companies.

[2] The complaint included claims against IIP Ohio; however, plaintiffs-appellants dismissed their claims against it on December 22, 2020.

Xianyao Wu ("Wu"). Wu had purchased properties from IIP Ohio and subsequently became Rom's companies' representative in China. Wu helped Rom to secure an agreement with SouFun to advertise properties on its website.

{¶ 4} Wu sent Song a brochure titled "Welcome to IIP" that proclaimed properties purchased would provide an annual net return on investment of approximately 17 percent and also promised that a professional property management company would manage the properties on behalf of buyers. Ultimately, Song signed nine purchase and sale agreements ("PSAs") for the purchase of 60 properties in Franklin, Cuyahoga, and Summit County, Ohio. Song believed all of his purchases were from IIP Ohio; however, IIP Ohio was responsible for 48 of the sales. He later learned that some of the properties were held by different companies. Song also contracted with IIP Management and defendant-appellee Close to Home Realty LLC ("Close to Home") to provide property management services for his holdings. Sunshine was formed in December 2014, with Song as the sole member. The properties Song acquired were subsequently transferred to Sunshine.

{¶ 5} In August 2014, Rom notified Song that there were issues with IIP Management necessitating the "release" of all employees and the replacement with "better, more sophisticated employees." Appellant's Complaint ("Complaint") ¶ 111. Other investors complained about the property management as well. Song claimed that incompetent management caused his return on investment to be significantly less than advertised.

{¶ 6} Part of Song's purchases included 33 units in the Woodcliff Condominiums in Franklin County. Sometime after the purchase, Song learned that his units had been the subject of a court order from the Franklin County Municipal Court's Environmental Court (the "Environmental Court"). The properties Song purchased were previously owned by defendant-appellee WC Management LLC ("WC Management"). WC Management participated in the Environmental Court case and was at one point the receiver for the properties. The company was also tasked with abating nuisance conditions and existing code violations for its properties. Song was not informed of the Environmental Court's involvement or its rulings that affected his properties either before his purchase or during his ownership. Song hired Close to Home as the property manager for these holdings. Song did not receive the expected return on investment for these properties.

{¶ 7} Other defendants-appellees were tied to the case as follows: defendant-appellee Alex Close was the owner and/or manager of Close to Home. Close to Home paid some of its profits from Song to WC Management, which was owned by defendant-appellee Steve Close. Alex Close signed "transactional documents" on behalf of WC Management. Complaint ¶ 18. Steve Close was involved in transactions between Assets Unlimited and Close to Home, and on at least one occasion, both Alex and Steve Close were included on electronic communication between an employee of Close to Home and defendant-appellee Zdravko Rom ("Z.Rom") regarding properties IIP Ohio sold to Song that Close to Home managed. Z.Rom also handled some of the property management issues and

settled water bill disputes that arose at some of Song's properties. Z.Rom's company, Z & L Advisors LLC, received $11,000 from Assets Unlimited in 2015. His company also shared a business address with Assets Unlimited. Z.Rom received payments from Assets Unlimited that were termed "partner's shares," and Assets Unlimited paid certain expenses for him, including health insurance premiums.

**Procedural Background**

**Song I**

{¶ 8} In July 2015, Appellants filed suit in the United States District Court for the Northern District of Ohio against Rom, IIP Ohio, and IIP Management. The third amended complaint filed on March 4, 2016, included IIP Akron as a defendant and removed IIP Management from the case. Appellants alleged fraudulent inducement by Rom and IIP Ohio, alleged fraudulent inducement and fraudulent concealment by Rom and IIP Akron, requested to pierce the corporate veil to obtain relief against Rom personally, and alleged breach of contract against all defendants.

{¶ 9} On May 23, 2016, Appellants moved for leave to amend their complaint. The proposed fourth amended complaint ("PAC") attached to the motion added 12 new defendants, including defendants-appellees ICR, Assets Unlimited, TitleCo, WC Management, Property Hotline, Close to Home, and Z.Rom. Neither Steve Close, Alex Close, nor Kim Greco were included in the PAC. The PAC also added additional counts, some of which had been dismissed previously by the court. The new counts included state law claims under R.C. 1707, the Ohio Corrupt Activities Act R.C. 2923.31 et seq., and additional federal claims under RICO 18

U.S.C. 1962(c). After the trial court reviewed the appellants' new claims and the factual basis offered in support, the court noted:

> Plaintiffs seek to add twelve (12) defendants. For most, there is little or no linkage to any of the actual properties plaintiffs claim to have been fraudulently induced to purchase. In the allegations relating to the parties, plaintiffs set forth corporate ownership and links to Rom, (currently a defendant) but does not follow up with how that corporate structure translates into a "Scheme" to defraud plaintiffs. The mere linkage of the companies to Rom (who is alleged to be "the mastermind of the scheme" who "us[ed] his companies interchangeably" (PAC ¶¶ 100, 102)), and possibly to one another (allegedly "transferr[ing] funds between themselves and to other entities that were owned and/or controlled by Rom" (PAC ¶ 103)), does not, without more, establish any linkage to the properties plaintiffs purchased or any part in any alleged fraudulent inducement to purchase those properties or to use the management services offered to plaintiffs.

(Footnote omitted.)

{¶ 10} The court was also concerned about the failure to raise these claims earlier:

> Even where there is a linkage alleged between a company and plaintiffs' purchased properties, the Court is hard-pressed to see why that could not have been determined earlier, so as to have been included in the original complaint (or, at the very least, in one of the several subsequent amended complaints). For example, the PAC claims that some of the newly-named defendant companies were "the seller[s] on the deeds" of one or two properties purchased by plaintiffs. (PAC ¶ 62-63). The PAC alleges that newly-named defendant TitleCo Title Agency, LTD "was designated by Rom and exclusively used as the title agency and escrow agent for the closing of all sixty real estate properties[.]" (PAC ¶ 65.) These are all facts known from the outset and, with even minimal due diligence, were all facts ascertainable prior to filing the initial complaint. Further, the mere fact that a person or entity might have knowledge of facts that would make that person or entity a viable witness does not require that the person or entity be made a party defendant.

{¶ 11} Finally, the court denied the request for leave to file the PAC, noting that the new complaint was more than twice as long as the previous one, introduced 12 defendants and six additional causes of action:

> This case has been assigned to the Standard Track, which requires that it be resolved within fifteen (15) months of its commencement. The original complaint was filed on July 21, 2015, currently leaving only four (4) months for completion. Another amended complaint (especially the one now proposed), if permitted, would only further delay resolution. Therefore, under the circumstances described herein, justice does not require granting leave to file yet another amended complaint.

{¶ 12} After the ruling, Appellants moved to dismiss *Song I* without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure, which was denied. Appellants subsequently settled with IIP Akron and proceeded to a jury trial against Rom and IIP Ohio. The jury found in favor of the Appellants on the claim of fraudulent inducement against Rom and awarded them actual damages in the amount of $50,000 and punitive damages in the amount of $0. The jury also found in favor of the Appellants on their claim of fraudulent inducement against IIP Ohio and awarded Appellants actual and punitive damages in the amount of $0. Rom appealed the decision to the United States Court of Appeals for the Sixth Circuit; however, the appeal was dismissed. Appellants did not appeal the judgment or the denial of the motion for leave to file a fourth amended complaint.

**Song II**

{¶ 13} On November 6, 2017, appellants filed a complaint in the Franklin County Court of Common Pleas against current defendants-appellees Rom, Assets

Unlimited, ICR, Property Hotline, Close to Home Realty, and TitleCo, as well as IIP Ohio, IIP Management, and CC Contracting LLC ("CC Contracting"). Appellants' first amended complaint added additional defendants including current defendants-appellees WC Management, Steve Close, Alex Close, and Z.Rom, as well as Mathew Moffie, the owner of CC Contracting. Appellees alleged violations of the Ohio Corrupt Activities Act, civil conspiracy, fraudulent inducement, negligent misrepresentation, and tortious interference with contract. Motions for summary judgment were filed on behalf of multiple defendants in the case.

{¶ 14} On August 28, 2019, the Franklin County judge granted the motions for summary judgment. The appellees argued that the amended complaint alleged the same facts and claims raised in the PAC in *Song I* and they were therefore barred due to res judicata as found in *Cusack v. ICS Holdings, Inc.*, 10th Dist. Franklin No. 05AP-914, 2006-Ohio-2536. The trial court agreed and found that *Song II* was barred under *Cusack*. The trial court found that the appellants were able to appeal the denial of their motion for leave to file a fourth amended complaint after the federal case came to final judgment. They did not appeal, which gave preclusive affect to the *Song I* court's decision. Further, the court found that the federal judge's denial of leave to file an amended complaint reached the merits of the claims.

{¶ 15} On September 2, 2019, appellants voluntarily dismissed *Song II*, without prejudice.

**Song III: The Current Case**

{¶ 16} On April 20, 2020, Appellants filed the current case in the Cuyahoga County Court of Common Pleas against Rom, Assets Unlimited, IIP Ohio, ICR, Property Hotline, CC Contracting, Matthew Moffie, WC Management, Steve Close, Close to Home Realty, Alex Close, TitleCo, Kim Greco, and Z.Rom. In their complaint, Appellants noted that this was a refiling of *Song II*, which they voluntarily dismissed without prejudice on September 2, 2019. The Appellants alleged the following: violation of the Ohio Corrupt Practices Act (all defendants) (Count 1); civil conspiracy (all defendants) (Count 2); fraudulent inducement (Rom, Assets Unlimited) (Count 3); fraudulent inducement (Rom, Assets Unlimited, Close to Home) (Count 4); negligent misrepresentation (Rom, Assets Unlimited) (Count 5); negligent misrepresentation (Rom, Assets Unlimited, Close to Home) (Count 6); and tortious interference with contract (Rom, Assets Unlimited) (Count 7).

{¶ 17} On July 31, 2020, Rom filed a counterclaim against Appellants alleging (1) malicious prosecution (Count 1); abuse of process (Count 2); bad faith and meritless/frivolous litigation under R.C. 2323.51 (Count 3); wrongful use of civil proceedings (Count 4); and intentional infliction of emotional distress (Count 5). Rom also filed a third-party complaint, which added Appellants' counsel David Kovach and his firm as third-party defendants raising the same claims as the counterclaim.

{¶ 18} On August 1, 2020, TitleCo and Greco filed a motion for judgment on the pleadings ("TitleCo MJP") and, separately, a counterclaim and third-party

complaint, which added Appellants' lawyer as a third-party defendant raising claims similar to those raised by Rom. On December 30, 2020, Rom and ICR moved for joinder to the motion as to Counts 1 and 2 of Appellants' complaint.[3] Property Hotline also moved for joinder to the motion.

{¶ 19} In the TitleCo MJP, TitleCo and Greco alleged that (1) Appellants' claims were barred by res judicata; (2) if the claims were not barred by res judicata, then they were barred by the statute of limitations; (3) the appellants' claims for violation of the anti-racketeering and corrupt activities act did not meet the heightened pleading standards under Ohio law; (4) Appellants' claims against TitleCo did not allege the necessary elements of a valid negligence claim under Ohio law; (5) the civil conspiracy claims fail because Appellants' did not allege against TitleCo an independent tort that is actionable without the conspiracy; and (6) Appellants' failed to state a claim on behalf of Sunshine, which was never in privity with TitleCo.

{¶ 20} Subsequently on September 11, 2020, TitleCo and Greco filed a first amended counterclaim and third-party complaint. The complaint raised claims against Appellants and their attorney for (1) vexatious litigation and frivolous conduct (Count 1); (2) violation of Rule 11 of the Ohio Rules of Civil Procedure (Count 2); (3) wrongful use of civil proceedings (Count 3); (4) invasion of

---

[3] IIP Ohio was included in this motion, although Appellants dismissed it from the case a few days earlier.

privacy/public disclosure of private facts (Count 4); and (5) malicious prosecution-*Song II* (Count 5).

{¶ 21} On December 17, 2020, Z.Rom filed a motion for summary judgment. ("Z.Rom's MSJ"). On May 28, 2021, TitleCo and Greco filed a notice to "join in the arguments, authorities and exhibits" in Z.Rom's MSJ. Close to Home and Alex Close, jointly, and WC Management and Steve Close, jointly, filed to join in the arguments, authorities, and exhibits raised in the motion on June 22, 2021.

{¶ 22} In Z.Rom's MSJ, he alleged that he was entitled to summary judgment based on res judicata. He noted that the Appellants added him as a defendant in the PAC in federal court. Additionally, he alleged that the same facts were used to support the claims against him in *Song II* and *Song III*. Accordingly, per Z.Rom, it followed that the claims in *Song III* should be barred based on the doctrine of res judicata and the holding in *Cusack*, 10th Dist. Franklin No. 05AP-914, 2006-Ohio-2536.

{¶ 23} On December 30, 2020, Rom filed a motion for judgment on the pleadings as to Counts 3 through 7 of the Complaint ("Rom's MJP"). Rom alleged that the claims against him were barred by res judicata and the four-year statute of limitations on each claim. He argued that the Appellants' claims had already been litigated to completion in federal court; accordingly, all claims that could have or should have been raised in the federal lawsuit are now barred by res judicata.

{¶ 24} The trial court ruled on all three motions in a single journal entry and decision that addressed the motions and the corresponding response and reply briefs. The trial court found as follows:

> The District Court for the Northern District of Ohio's order denying leave to file a fourth amended complaint became final and appealable upon the entry of judgment following the jury trial. Plaintiffs did not appeal the order at that time, and the denial of leave to amend constitutes res judicata on the merits of the proposed claims. As a consequence, those claims as restated in Plaintiffs' complaint in the case currently before this Court are barred as to defendants Davor Rom, IIP Cleveland Regeneration, Assets Unlimited LLC, TitleCo Title Agency, LTD., WC Management LLC, Property Hotline LLC, Close to Home Realty LLC, and Zdravko Rom.

{¶ 25} The trial court further found that privity barred claims against Kim Greco, Alex Close, and Steve Close. The trial court accordingly granted all three motions and dismissed the claims against the defendants-appellees with prejudice. Appellants appeal and raise the following assignment of errors for our review.

## Assignment of Error No. 1

> The trial court committed reversible error when it dismissed the claims of the plaintiffs against the non-*Song I* defendants on the grounds of claim preclusion.

## Assignment of Error No. 2

> The trial court committed reversible error when it dismissed the claims of the plaintiffs against Davor Rom on the grounds of claim preclusion.

## Law and Analysis

## Appellate Jurisdiction

{¶ 26} Preliminarily, we must examine whether we have jurisdiction to hear this case. We requested the parties brief the issue of jurisdiction as appellate courts

must address the issue when jurisdiction seems uncertain. *Kohout v. Church of St. Rocco Corp.*, 8th Dist. Cuyahoga No. 88969, 2008-Ohio-1819, ¶ 4.

{¶ 27} The instant case's uncertainty arises from the existence of multiple claims that were not addressed by the trial court's order. First, both TitleCo and Greco, jointly, and Rom filed counterclaims against Appellants alleging malicious prosecution and other allegations addressing the repeated lawsuits. They also both filed third-party complaints against Appellants' counsel and his law firm addressing the same issues. These claims were not addressed in the trial court's May 23, 2023 journal entry that dismissed the claims against the appellees. Second, claims against CC Contracting and Matthew Moffie, neither of whom are parties to this appeal, as well as their counterclaims, remained pending after the trial court's ruling on the motions addressed here.

{¶ 28} A final appealable order exists only when it meets "'the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) * * *.'" *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15, quoting, *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5. R.C. 2505.02(B) provides, in relevant part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 29} Since the trial court entered final judgment as to one or more but fewer than all of the claims, Civ.R. 54(B) becomes applicable. Civ.R. 54(B) provides:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, crossclaim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

{¶ 30} A trial court's application of Civ.R. 54(B) by including the language "no just reason for delay" in its order, is tantamount to a factual finding that an interlocutory order should be immediately appealable, "in order to further the efficient administration of justice and to avoid piecemeal litigation or injustice attributable to delayed appeals." *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, ¶ 11, citing *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 617 N.E.2d 1136 (1993).

> "[W]here the record indicates that the interests of sound judicial administration could be served by a finding of 'no just reason for delay,' the trial court's certification determination must stand." [*Wisintainer* at 355]. Where, however, the interests of judicial economy are not served by immediate appeal, a trial court's Civ.R. 54(B) finding is "subject to reversal." [*Third Fed. S. & L. v. Krych,* 8th Dist. Cuyahoga No. 99762, 2013-Ohio-4483, ¶ 7], citing *Hill v. Hughes*, 4th Dist. Ross No. 06CA2917, 2007-Ohio-3885, ¶ 8.

*Rae-Ann Suburban, Inc. v. Wolfe*, 8th Dist. Cuyahoga No. 107536, 2019-Ohio-1451, ¶ 15.

{¶ 31} Accordingly, the trial court's order must be final in order for Civ.R. 54(B) to render it appealable. *Altenheim v. Januszewski*, 8th Dist. Cuyahoga No.

105860, 2018-Ohio-1395, ¶ 10, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989), citing *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255, 444 N.E.2d 1068 (9th Dist.1981).

{¶ 32} We have found that where a trial court's order disposes of all claims against one or more parties, but does not resolve all claims against all parties, the order is final and may be rendered immediately appealable under Civ.R. 54(B). *Continuum Transp. Servs. v. Elite Internatl. Corp. L.L.C.*, 8th Dist. Cuyahoga No. 111261, 2022-Ohio-3738, ¶ 13.

{¶ 33} In the instant case, the trial court's order disposed of all of Appellants' claims against WC Management, Close to Home, Assets Unlimited, ICR, Property Hotline and Z.Rom. Accordingly, by including Civ.R. 54(B) language that there was "no just cause for delay" the order is appealable as to those appellees. However, although the trial court's order disposed of all of Appellants' claims against Rom, TitleCo and Greco it did not dispose of their counterclaims and third-party complaints.

{¶ 34} Civ.R. 54(B) does not make a final order appealable if there are unresolved counterclaims that touch on the same facts, legal issues, and circumstances of the original claim. *Altenheim,* 8th Dist. Cuyahoga No. 105860, 2018-Ohio-1395, at ¶ 3-7, 10-13.

> "An order that disposes of fewer than all of the claims in an action and contains a Civ.R. 54(B) determination that there is no just reason for delay, is appealable if the claim or claims disposed of are entirely disposed of and either of the following applies. First, are the disposed of claims factually separate and independent from the remaining

claims? An example would be claims that are based on different transactions or occurrences such as one claim for slander and another for negligence because of an automobile accident. Second, if the claims are not factually separate and independent, do the legal theories presented in the disposed of claims require proof of substantially different facts and/or provide for different relief from the remaining claims."

*Krych*, 8th Dist. Cuyahoga No. 99762, 2013-Ohio-4483, at ¶ 8, quoting *Walker v. Firelands Community Hosp.*, 6th Dist. Erie No. E-06-023, 2006-Ohio-2930, ¶ 23.

{¶ 35} The counterclaims and third-party complaints TitleCo, Greco, and Rom filed all deal with the multiple lawsuits filed after the transactions that are the subject of *Song I*. Specifically, they raise claims of malicious prosecution, abuse of process, vexatious litigation, and intentional infliction of emotional distress. In contrast, the trial court's order disposes of a distinct branch of the case, i.e., Appellants' claims that arose out of the purchase of property by and through these appellees. The ruling also prevents Appellants from proceeding on its claims against Rom, TitleCo, and Greco. Accordingly, the order is a final order that effected a substantial right and is therefore appealable.

**Res Judicata**

{¶ 36} Both of Appellants' assignments of error challenge the trial court's ruling that *Song I* prevents further litigation of these issues under the doctrine of res judicata. Rom is the only litigant who was a party to *Song I*. Although Appellants sought leave to amend their complaint, that ruling was denied. Accordingly, we must determine whether Appellants' current claims against Rom are barred by res

judicata. We must then determine whether the judgment bars Appellants' claims against those appellees who were never named as parties of *Song I.*

**Standard of Review**

**Judgment on the Pleadings**

{¶ 37} A judgment on the pleadings deals solely with issues of law, which is why our review is de novo. *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8, citing *Rayess v. Edn. Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18. De novo review entails an independent examination of the record and law without deference to the trial court's decision. *Torres v. Concrete Designs, Inc.*, 2019-Ohio-1342, 134 N.E.3d 903 (8th Dist.) ¶ 48, citing *Gateway Consultants Group, Inc. v. Premier Physicians Ctrs. Inc.,* 8th Dist. Cuyahoga No. 104014, 2017-Ohio-1443, ¶ 22, citing *Demeraski v. Bailey*, 2015-Ohio-2162, 35 N.E.3d 913, ¶ 11 (8th Dist.).

{¶ 38} Judgment on the pleadings limits our review "solely to the allegations in the complaint and answer, as well as any material attached as exhibits to those pleadings." *Schmitt v. Edn. Serv. Ctr.*, 2012-Ohio-2208, 970 N.E.2d 1187 (8th Dist.), ¶ 10, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996). Additionally, we must consider the factual allegations in the complaint as true, although unsupported conclusions are insufficient to defend against the motion. *Pincus v. Dubyak*, 8th Dist. Cuyahoga No. 110135, 2021-Ohio-3034, ¶ 17.

{¶ 39} When a defendant requests judgment on the pleadings, it is appropriate to grant the motion when the plaintiff's complaint has failed to allege facts that, if true, would establish the defendant's liability. *Id.* at ¶ 17, citing *Walters v. First Natl. Bank*, 69 Ohio St.2d 677, 433 N.E.2d 608 (1982). In short, to grant a motion for judgment on the pleadings, the court must determine that no material factual issues exist and that the moving party is entitled to judgment as a matter of law. *Id.*, quoting *Pontious* at 570.

{¶ 40} Ordinarily res judicata is not the proper basis for dismissal under Civ.R. 12; however, "the trial court may appropriately consider whether res judicata applies when the res judicata defense 'does not depend on documents outside the pleadings.'" *Berryhill v. Khouri*, 8th Dist. Cuyahoga No. 109411, 2021-Ohio-504, ¶ 20 quoting *Jones v. Wainwright*, 162 Ohio St.3d 491, 2020-Ohio-4870, 165 N.E.3d 1253, ¶ 5. On appellate review, "'the court takes into consideration the complaint, answer, and any materials attached as exhibits to those pleadings.'" *Id.*, quoting *Kalski v. Bartimole*, 8th Dist. Cuyahoga No. 108995, 2020-Ohio-4137, 157 N.E.3d 436 ¶ 26 (8th Dist.), citing *Schmitt* at ¶ 9. *See* Civ.R. 10(C) ("A copy of any written instrument attached to a pleading is part of the pleading for all purposes."). However, "written instruments" under Civ.R. 10(C) typically do not include orders and opinions from prior cases between the parties. *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, ¶ 17, citing *State ex rel. Vandenbos v. Xenia*, 2d Dist. Greene No. 14-CA-14, 2015-Ohio-35, ¶ 14.

**Summary Judgment**

{¶ 41} A trial court's decision on a motion for summary judgment is also reviewed under a de novo standard. *Khalia Ra v. Swagelok Mfg. Co., L.L.C.*, 8th Dist. Cuyahoga No. 109789, 2021-Ohio-1657, ¶ 16, citing *Montgomery v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 109559, 2021-Ohio-1198, ¶ 18, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 42} Pursuant to Civ.R. 56(C), summary judgment is warranted when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, the moving party is entitled to summary judgment. *Id.* at ¶ 17. "'Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E).'" *Id.*, quoting *Mattress Matters, Inc. v. Trunzo*, 2016-Ohio-7723, 74 N.E.3d 739, ¶ 10 (8th Dist.).

**Res Judicata for Claims Against Davor Rom**

{¶ 43} "The doctrine of res judicata is a rule of law[; it] promotes judicial economy, finality of judgments, and preserves resources of litigants and the court." *Persaud v. St. John Med. Ctr.*, 8th Dist. Cuyahoga No. 105402, 2017-Ohio-7178, ¶ 20. It includes both claim preclusion and issue preclusion. *Grava v. Parkman*

*Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). Claim preclusion "'prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action.'" *State ex rel. Peterson v. Miday*, 8th Dist. Cuyahoga No. 112792, 2023-Ohio-2963, ¶ 4 quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, citing *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). Issue preclusion prevents "'relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies.'" *Id.*, quoting *id.*

{¶ 44} This case raises the claim preclusion aspect of res judicata. The doctrine requires that a plaintiff present "'every ground for relief in the first action or be forever barred from asserting it.'" *Persaud* at ¶ 20, quoting *Natl. Amusements v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). Accordingly, the final judgment in the first action is "'conclusive as to all claims, which were or might have been litigated in a first lawsuit.'" *Id.*, quoting *id.*

{¶ 45} Res judicata applies to bar further claims when there is "(1) a final decision on the merits of the first action, (2) a second action involving the same parties or persons in privity with those parties, (3) the second action raises claims that were or could have been litigated in the first action, and (4) the claims in the second action arise out of the same transaction or occurrence as the first action." *Id.*

at ¶ 21, citing *Daniel v. Shorebank Cleveland*, 8th Dist. Cuyahoga No. 92832, 2010-Ohio-1054, ¶ 13.

{¶ 46} A review of the record with respect to Rom establishes that three out of the four requirements were met to bar further litigation: (1) there was a final judgment in the original action. *Song I* went to jury trial and was resolved in appellants favor against Rom; (2) after the resolution of *Song I*, Appellants filed *Song II* and *Song III* against Rom and others; (3) the claims in the current case arise out of the same transactions that were the subject of *Song I*, i.e., the sale of 60 properties by Rom through his companies to Song.

{¶ 47} The final requirement is that the claims that were raised in the subsequent action could have or should have been raised in the first action. Here because Appellants did raise these claims in the PAC, we must address the effect of the trial court's denial of leave and the Appellants' failure to appeal that denial after final judgment. Courts that have looked at this issue have found that the denial of a motion for leave to amend a complaint does not necessarily preclude further litigation. *Bayview Loan Servicing, Ltd. Liab. Co. v. Humphreys*, 10th Dist. Franklin No. 20AP-396, 2021-Ohio-4324, ¶ 26; *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir.2000) ("[D]enial of a motion to amend will not inevitably preclude subsequent litigation of those claims set out in a proposed new complaint."); *Neff v. Std. Fed. Bank*, S.D.Ohio No. 2:06-cv-856, 2008 U.S. Dist. LEXIS 37729 (May 8, 2008); *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir.2000). Whether res judicata applies depends on why leave to amend was

denied. If the denial of leave to amend the complaint was based on the merits of the claims, then res judicata would apply to bar further litigation. *Id.*, citing *Curtis,* 226 F.3d 133, 139 (2d Cir.2000). If the denial of leave to amend is not based on the merits, res judicata may still apply if claims in the subsequent case should have been or could have been raised in the original action. *N. Assur. Co. of Am.* at 88.

{¶ 48} With respect to Appellants' claims in the PAC the *Song I* Court made two specific findings, (1) that the alleged facts failed to establish appellants' claims for fraudulent inducement to purchase properties or that they were fraudulently induced to utilize Appellees' management companies; and (2) these claims and facts could have been ascertained much earlier in the case,[4] included in the original complaint, and certainly should have been included by the third amended complaint, which was filed eight months after the case was initiated.

{¶ 49} The *Song I* Court accordingly considered both the merits of the new claims and whether the claims should have been raised earlier in the proceedings. Appellants elected not to appeal this decision. They now argue they could not appeal

---

[4] The court noted that the original complaint was filed on July 21, 2015. Appellants filed a first amended complaint on July 30, 2015. On September 21, 2015, Appellants moved to file a second amended complaint, which removed IIP Akron as defendant. Before the trial court could rule, IIP Akron filed an answer and counterclaim. On September 29, 2015, the court allowed the second amended complaint, which was filed on September 30, 2015. Despite having dismissed IIP Akron from the complaint, on October 12, 2015, Appellants filed an answer to IIP Akron's counterclaim and added a new counterclaim bringing IIP Akron back into the case as a counter-claim defendant. Because of these conflicting pleadings, the trial court directed Appellants to file a third amended complaint that was consistent with the trial court's ruling to date. Appellants filed their third amended complaint on March 4, 2016. A month later, Appellants filed a motion for extension of time to amend the complaint again. A month after that Appellants filed the motion for leave to file the PAC.

that decision because it was interlocutory and could not be appealed unless certified. Furthermore, they could not appeal after final judgment because the ruling merged with the final judgment. Finally, they were not able to appeal the decision because they won the case and were not the aggrieved party.

{¶ 50} The denial of leave to amend a complaint does not merge with the final judgment and is appealable. *See Romanov v. State Farm Mut. Auto. Ins. Co.*, 6th Cir. No. 23-5868, 2023 U.S. App. LEXIS 32141, 1 (Dec. 5, 2023), citing *McLaurin v. Fischer*, 768 F.2d 98, 101-102 (6th Cir. 1985). Additionally, appellants argue they were not the aggrieved party in *Song I*; however, their subsequent lawsuits indicate dissatisfaction with that court's order. Further, they cite to no authority that establishes they could not appeal. Accordingly, the *Song I* Court's decision denying leave to amend the complaint is a decision on the merits. Under res judicata, such a decision bars any subsequent lawsuit on the same issues.

{¶ 51} Based on this record, the *Song I* Court's ruling was a decision on the merits of the claims against Rom and established that the claims against him should have been brought in that proceeding. Accordingly, Appellants are barred from pursuing Rom further due to res judicata.

{¶ 52} Appellants' second assignment of error is therefore overruled.

**Res Judicata for Claims Against the Non-*Song I* Defendants**

{¶ 53} With respect to the remaining appellees, we must consider whether res judicata applies, i.e., whether (1) in *Song I*, there was a final decision on the merits, (2) there was a second action involving the same parties or persons in privity

with those parties, (3) the second action raises claims that were or could have been litigated in the first action, and (4) the claims in the second action arise out of the same transaction or occurrence as the first action. *Persaud*, 2017-Ohio-7178, at ¶ 21, citing *Daniel,* 2010-Ohio-1054, at ¶ 13.

{¶ 54} Here, the issue is whether the non-*Song I* appellees are in privity to the parties in *Song I*. If they are, then they would be entitled to the benefit of res judicata and Appellants would be barred from a subsequent lawsuit against them. Within the context of res judicata, privity is "somewhat amorphous." *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000). The Ohio Supreme Court has taken a more relaxed view concerning what constitutes privity when applying the principles of res judicata. *Ferrara v. Vicchiarelli Funeral Servs.*, 2016-Ohio-5144, 69 N.E.3d 171, ¶ 17 (8th Dist.) ("*Ferrara I")*. A broader definition of privity may be warranted for instance where there is a mutuality of interest, "including an identity of desired result." *Brown* at 248. Privity is a word used to convey ""that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata."" *Id.*, quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 184, 637 N.E.2d 917, 923 (1994), quoting *Bruszewski v. United States* (C.A.3, 1950), 181 F.2d 419, 423 (Goodrich, J., concurring).

{¶ 55} A review of the record establishes that the non-*Song I* appellees' relationship with Rom and IIP Ohio was close enough to allow them the benefit of res judicata. Their connection to the lawsuit is only through the properties sold to

Song. Additionally, the record establishes that Appellants knew of the existence of these parties and could have included them in the litigation in *Song I*.

{¶ 56} With respect to the non-*Song I* appellees, Appellants identified Assets Unlimited and ICR as companies operated by Rom to sell properties within the state of Ohio in its third amended complaint to *Song I*. Exhibit 1, attached to Z.Rom's MSJ; *Song I* Third Amended Complaint ¶ 11. Appellants were similarly aware that the *Song I* defendants utilized Close to Home for property management services. *Id*. at ¶ 13. TitleCo was the escrow agency for all of Song's purchases. Complaint ¶ 10. WC Management previously owned some of the Woodcliff Condominiums properties that Song later purchased from IIP Ohio, and the company and its owner had ties to Close to Home. The two companies shared office space, and both Alex Close and Steve Close were in communication with Z.Rom. Complaint ¶ 15-18. Property Hotline marketed and sold Rom's Ohio properties. Complaint ¶ 7. Z.Rom's involvement is limited to receiving some funds from Rom's companies and addressing property management issues at some of Song's properties. Greco, Alex Close, and Steve Close were the owners of TitleCo, Close to Home, and WC Management respectively.

{¶ 57} Based on the foregoing, we find that the remaining appellees were in privity with the *Song I* defendants. Their sole involvement in this case has to do with their involvement with property sales to Song through Rom and his companies. Accordingly, appellees' interests were adequately represented by the *Song I* defendants as well. Furthermore, Appellants could have and should have included

these appellees in that matter. Although the *Song I* Court denied Appellants' motion for leave to amend the complaint, that ruling was a ruling on the merits, which became final for res judicata purposes when Appellants failed to appeal. Accordingly, the first assignment of error is overruled.

{¶ 58} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY EILEEN KILBANE, J., CONCUR